CELEBREZZE, ATTY. GEN., APPELLANT, *v.* HUGHES, D.B.A. HUGHES MOTORS, APPELLEE.

[Cite as Celebrezze *v.* Hughes (1985), 18 Ohio St. 3d 71.]

(No. 84-1330—Decided June 26, 1985.)

72

*Anthony J. Celebrezze, Jr.,* attorney general, *Ric S. Sheffield* and *Nadine L. Ballard,* for appellant.

CELEBREZZE, C.J. Ohio's Odometer Rollback and Disclosure Act and Consumer Sales Practices Act are intended to prohibit deceptive and unconscionable acts and practices by suppliers including, as relevant to this case, odometer rollbacks by automobile dealers. These Acts provide for

various civil remedies to enforce the prohibitions relative to consumer transactions. They specifically empower the Attorney General to bring certain actions on behalf of consumers.

Relative to odometer fraud, the Attorney General may bring an action to enjoin violations, seek civil penalties, and obtain attorney fees and costs. R.C. 4549.48.[2] Subsection (C) of this statute also provides that "[t]he remedies prescribed by this section are cumulative and concurrent with any other remedy, and the existence or exercise of one remedy does not prevent the exercise of any other remedy." R.C. 4549.49 provides for the bringing of an action against any person who violates any requirement of the Act and further states that violators are "liable to any transferee of the motor vehicle * * *."

Similarly, the enacting clause of the Consumer Sales Practices Act as amended (R.C. Chapter 1345) states the law was adopted to "assure that consumers will recover any damages * * *."[3] Pursuant to R.C. 1345.07(A) the Attorney General is granted authority to file three types of civil actions. He may seek a declaratory judgment, injunctive relief, or may pursue a class action.[4] This suit was admittedly not brought as a class action.

---

[2] R.C. 4549.48 provides in relevant part:

"(A) Whenever it appears that a person has violated, is violating, or is about to violate any provision of sections 4549.41 to 4549.46 of the Revised Code, the attorney general may bring an action in the court of common pleas to enjoin the violation. Upon a showing of a violation of sections 4549.41 to 4549.46 of the Revised Code, a temporary restraining order, preliminary injunction, or permanent injunction shall be granted without bond. The court may impose a penalty of not more than five thousand dollars for each day of violation of a temporary restraining order, preliminary injunction, or permanent injunction issued under this section. The court may award the attorney general all costs together with all expenses of his investigation and reasonable attorneys' fees incurred in the prosecution of the action.

"(B) In addition to the remedies otherwise provided by this section, the attorney general may request and the court shall impose a civil penalty of not less than five hundred nor more than one thousand dollars for each violation. A violation of any provision of sections 4549.41 to 4549.46 of the Revised Code shall, for purposes of this section, constitute a separate violation with respect to each motor vehicle or unlawful device involved, except that the maximum civil penalty shall not exceed one hundred thousand dollars for any related series of violations by a person. Civil penalties ordered pursuant to this division shall be paid as follows: one-fourth of the amount to the treasurer of the county in which the action is brought; three-fourths to the state treasury to the credit of the general revenue fund.

"(C) The remedies prescribed by this section are cumulative and concurrent with any other remedy, and the existence or exercise of one remedy does not prevent the exercise of any other remedy."

[3] The enacting clause of Am. Sub. H.B. No. 681 (137 Ohio Laws, Part II, 3219) provides that the Consumer Sales Practices Act, R.C. Chapter 1345, was amended by the General Assembly in order "to prevent unfair, deceptive, and unconscionable acts and practices, to provide strong and effective remedies, both public and private, to assure that consumers will recover any damages caused by such acts and practices, and to eliminate any monetary incentives for suppliers to engage in such acts and practices."

[4] R.C. 1345.07 at the time relevant herein provided *inter alia:*

"(A) If the attorney general, by his own inquiries, as a result of complaints, or in consumer transaction cases referred to him by the director of commerce, has reasonable cause to

However, we find that the Attorney General properly sought injunctive relief as well as damages, for under R.C. 1345.07(B) the trial court may, upon motion, in *any* action brought pursuant to R.C. 1345.07(A), "make appropriate orders * * * to reimburse consumers found to have been damaged."

Likewise, R.C. 1345.09 provides for the award of damages to consumers bringing a private action. The following section, R.C. 1345.10(B), evidences the legislature's intent that a suit seeking restitution may be brought by the Attorney General "* * * *on behalf of a consumer* pursuant to section 1345.09 of the Revised Code * * *." (Emphasis added.)

In construing these statutory provisions we are guided by the longstanding rule " '* * * that the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute, it is inserted to accomplish some definite purpose.' " *Brown* v. *Martinelli* (1981), 66 Ohio St. 2d 45, 50 [20 O.O.3d 38]. (Citation omitted.) "The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result. * * *" *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47 [45 O.O.2d 327], paragraph four of the syllabus.

In this case, we have no trouble in ascertaining the purpose or policy of the General Assembly whereby the public welfare is served. See *Bailey* v. *Evatt* (1944), 142 Ohio St. 616 [27 O.O. 534], paragraph one of the syllabus. The legislature's objective was to allow Ohio's courts to grant appropriate relief under both Acts regardless of whether one or many consumers were harmed and irrespective of whether the action was instituted personally by the injured party or by the Attorney General.

In addition, Civ. R. 17(A) provides *inter alia* that "a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. * * *" Cf. *De Garza* v. *Chetister* (1978), 62 Ohio App. 2d 149 [16 O.O.3d 335]. Under the foregoing statutes, the Attorney General is just such a party and may bring an action in his name pursuant to Civ. R. 17(A) on behalf of consumers, which

---

believe that a supplier has engaged or is engaging in an act or practice that violates Chapter 1345 of the Revised Code, and that the action would be in the public interest, he may bring any of the following:

"(1) An action to obtain a declaratory judgment that the act or practice violates section 1345.02 or 1345.03 of the Revised Code;

"(2) An action, with notice as required by Civil Rule 65, to obtain a temporary restraining order, preliminary injunction, or permanent injunction to restrain the act or practice * * *;

"(3) A class action under Civil Rule 23, as amended, on behalf of consumers who have engaged in consumer transactions in this state for damage caused by: * * *."

The Attorney General may also, of course, file an action amounting to a hybrid of the specific actions provided for in this statute.

action could not otherwise be maintained as a class action under Civ. R. 23.

Clearly there are times when it would be impracticable for the affected persons individually to bring suit, yet the prerequisites of a class action under Civ. R. 23 cannot be met. It takes a strained construction of our consumer protection laws and the Civil Rules not to allow the Attorney General to seek damages for a small group of consumers such as the transferees in this case. Such a construction produces the type of absurd, vain and useless result that we presume the General Assembly did not intend.

Lastly, damages for odometer fraud are allowed in an amount equal to "[t]hree times the amount of actual damages sustained or *fifteen hundred dollars,* whichever is greater." (Emphasis added.) R.C. 4549.49(A)(1). In this case, the Attorney General did not present any evidence of damages. Accordingly, the trial court's award of $1,500 for each of the injured consumers was not an abuse of discretion.

In short, we believe that when the Attorney General demonstrates that consumers have been harmed by the deceptive tactics of a supplier, these consumer protection acts must be interpreted in a manner calculated to provide the courts with flexibility in fashioning remedies intended by the General Assembly to redress the wrong committed and reimburse the loss occasioned. In this case, we find that the trial court's award was both consistent with our statutes and appropriate under the circumstances.

We, therefore, hold that in a civil action seeking injunctive relief and damages, brought by and in the name of the Attorney General of Ohio on behalf of consumers pursuant to the provisions of the Consumer Sales Practices Act and the Odometer Rollback and Disclosure Act, the trial court may fashion appropriate orders including an award to reimburse injured consumers, regardless of the fact that the requirements of maintaining a class action under Civ. R. 23 have not been met.

Accordingly, the judgment of the court of appeals is reversed in part and the trial court's damage award is reinstated.

*Judgment accordingly.*

SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, J., concurs in judgment only.