THE STATE, EX REL. CELEBREZZE, ATTY. GEN., APPELLANT, *v.* DORSEY, D.B.A. SCOTT D. AUTO SALES, APPELLEE.

(No. 17-87-16—Decided
October 25, 1988.)

*Anthony J. Celebrezze, Jr.*, attorney general, and *David M. Dembinski*, for appellant.

*Michael L. Smith*, for appellee.

McBRIDE, J. The Attorney General of Ohio has appealed a judgment against Scott Dorsey, doing business as Scott D. Auto Sales, by the Court of Common Pleas of Shelby County, which court issued an injunction, assessed civil penalties of $700 for each of twelve offenses of tampering with odometers and assessed $2,500 for attorney fees and investigative costs, but did not find a violation of the Consumer Sales Practices Act and did not award damages on behalf of the twelve consumers involved. There was no cross-appeal by the defendant-appellee.

The issues are presented only on a partial transcript consisting of a post-trial presentation of evidence of additional tampering with another vehicle for which appellant sought and was denied permission to amend the complaint and to offer evidence of an additional violation for an additional penalty and damages. The praecipe issued by appellant to the court reporter was for such a partial transcript.

In the absence of a transcript of the trial we confine this review to the assignments of error, which are as follows:

"1. The trial court erred in refusing to allow the Attorney General to recover damages on behalf of transferees of the vehicles that the defendant-appellee was found to have rolled back.

"2. The trial court erred in overruling plaintiff-appellant's motion to amend the pleadings to conform to the evidence presented at trial with respect to plaintiff-appellant's exhibits 13A-13F.

"3. The trial court erred by not finding as a matter of law that the defendant-appellee's practices of rolling back odometers of motor vehicles and failing to provide true odometer disclosures are unfair, deceptive and unconscionable acts and practices in violation of Ohio's Consumer Sales Practices Act, R.C. 1345.01 *et seq.*"

The second assignment of error relates to a procedural matter and will be considered first.

The facts surrounding the request to amend the pleadings and introduce additional evidence of tampering appear in the transcript of the post-trial hearing held on July 21, 1987. This limited transcript of trial indicates that the motion to amend was made during the trial and objected to by the defendant, who insisted upon a continuance if the motion to amend were granted. The evidence of additional complaints of tampering was not discovered until a few weeks before trial.

The partial transcript reveals that

at trial the court indicated that it would proceed with the evidence as to the twelve disclosed violations and that if the state wished to pursue additional complaints, and so requested, the matter would be assigned for a future trial date. The trial court also remarked:

"* * * I will not extend the case to any great length because as I [have] remarked on several occasions, this is one of the oldest cases on our docket and * * * I'm not very happy about having a case on the docket forever and ever and ever."

On August 7, 1987, the trial court found that the motion to introduce additional evidence and to amend the pleadings accordingly was not well-taken. The request to introduce additional exhibits of additional violations was also denied.

There is no claim that the trial court abused its discretion under Civ. R. 15(B) under the circumstances of this case. That it had discretion is undisputed. Here we start with "one of the oldest cases" on the docket involving twelve separate odometer violations. One or more similar complaints were uncovered just before trial. The possibility, indeed the probability in cases of this character, that still more violations would be uncovered leading to no end of similar motions and still further litigation in the case was a matter of justifiable concern, if such consideration be necessary under the discretionary authority of the court. The court was aware of a substantial number of sales by the defendant.

The second assignment of error is denied.

The third assignment of error is based upon the finding of the court that the evidence was insufficient to show that the defendant engaged in practices in violation of the Consumer Sales Practices Act, R.C. 1345.01 *et seq.* We are advised that the trial record is based merely upon the trial of numerous recorded titles which disclosed odometer violations; however, the fatal defect in this assignment of error is that there is no transcript of the evidence introduced at trial.

The trial court offered its rationale for distinguishing the Consumer Sales Practices Act and R.C. 4549.41 *et seq.,* the Odometer Rollback and Disclosure Act, in its decision; however, in the absence of any record of the evidence at trial this court is unable to consider, let alone speculate on, the facts offered in evidence in the case.

The presumption of the validity of the judgment prevails in the absence of a demonstration of error.

The argument of appellant is that a violation of the odometer law, which is specific in nature, is in itself a violation of the Consumer Sales Practices Act, which is a broad general law applying to sales which have a purpose that is primarily for personal, family or household use. The trial court found that there was no evidence that the price of any vehicle was substantially in excess of the price at which similar property was available, and therefore, it could not assume that the acts of the defendant were unconscionable.

Absent a complete transcript of the evidence the issue raised in this assignment of error has not been adequately presented for review.

The third assignment of error is denied.

Returning to the first assignment of error, the trial court did find twelve separate violations of the odometer law, awarded a penalty for each and included a separate award for attorney fees and expenses. It did not award compensation to the injured title transferees to the vehicles.

As to the transferees the trial court indicated that it found from the evidence a lack of authority to make any award of damage. This was a position taken similarly by the Second

District Court of Appeals in a case where an award of $1,500 was not based on actual damage. However, that conclusion was reversed in *Celebrezze* v. *Hughes* (1985), 18 Ohio St. 3d 71, 18 OBR 102, 479 N.E. 2d 886, and the damage award was reinstated. Since the state had not presented evidence of damages, the award of $1,500 was not an abuse of discretion under R.C. 4549.49, which provides in part:

"(A) Any person who violates any requirement imposed by sections 4549.41 to 4549.46 of the Revised Code is liable to any transferee of the motor vehicle subsequent to the violation, in an amount equal to:

"(1) Three times the amount of actual damages sustained *or fifteen hundred dollars,* whichever is greater; and

"(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorneys' fees as determined by the court." (Emphasis added.)

R.C. 4549.48(C) provides that the remedies prescribed by R.C. 4549.48 are cumulative and concurrent with any other remedy, and the existence or exercise of one remedy does not prevent the exercise of any other remedy. Other remedies include the federal odometer statute and the Consumer Sales Practices Act. Relying upon the Ohio Consumer Sales Practices Act, the Ohio Odometer Rollback and Disclosure Act and Civ. R. 17(A), the Supreme Court in *Hughes, supra,* held that a party authorized to sue may do so without joining the party for whose benefit the action is brought. Subsequent express authorization for the Attorney General to sue confirmed this conclusion as to the intent of the legislature. (See 141 Ohio Laws, Part II, 3477, 3511-3512; R.C. 4549.48[A], eff. Mar. 19, 1987.) In the instant case,

the appellant included, without objection, a prayer in the complaint for relief on behalf of transferees injured by the odometer violations.

While the syllabus in *Hughes, supra,* is not precisely on point, the rationale in the opinion points to the conclusion that in the instant case the trial court did have the authority to award damages on behalf of the transferees injured by the odometer violations. Having found that the odometer law was violated it was error not to make an award on behalf of the transferees as requested in the complaint.

The first assignment of error is sustained.

This presents the question of whether a reviewing court should proceed to determine the amount of damage to the transferees or should remand the case. Since the trial court found that there was no evidence of actual damage to the individual transferees, the only alternative under R.C. 4549.49(A)(1) would be to award $1,500 for each individual transferee for a total of $18,000 on their behalf.

The syllabus in *Hughes, supra,* points to the discretion of the trial court to "fashion appropriate orders," including reimbursing injured consumers. Under these circumstances it is necessary to reverse the judgment of the trial court and to remand the cause to the trial court to make such award and to fashion in its discretion the appropriate complete order as to the penalties and damages.

The first assignment of error is sustained and the cause remanded for a determination of penalties and damages as indicated in the opinion on this assignment of error.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

EVANS and SHAW, JJ., concur.

ROBERT L. MCBRIDE, retired, of the Second Appellate District, sitting by assignment.