DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff/Appellant State of Ohio appeals from the decision of the Adams County Court granting Defendant/Appellee Larry J. Clinger's appeal of an Administrative License Suspension (ALS). The evidence shows that Appellee's ALS appeal was based on matters outside of R.C. 4511.197, which defines and limits the scope of an ALS appeal. Thus, we agree with Appellant and accordingly reverse the trial court's decision.
 {¶ 2} On April 3, 2004, an Ohio State Highway Patrol Trooper observed Appellee's failure to utilize his turn signal while operating his vehicle, making a right turn from Monroe Street onto Sixth Street in Manchester, Ohio in Adams County. The Trooper pulled the vehicle over, whereupon Appellee exited the vehicle and approached the cruiser. The Trooper accompanied Appellee back to his car and as Appellee was gathering the documents requested by the Trooper, the Trooper noticed the Appellee's hand movements were slow. He also noticed a moderate odor of an alcoholic beverage coming from inside the vehicle and subsequently, when engaged in conversation, from the breath of Appellee. Appellee admitted to consuming four beers and taking valium and prozac several hours before. The Trooper administered the horizontal gaze nystagmus test (HGN) and received four distinct clues of nystagmus. He then administered additional field sobriety tests, including a walk and turn test and one-leg stand test, both of which Appellee failed. Appellee submitted to a portable breath test with a result of .102% BAC. Based on these tests, Appellee was placed under arrest for OMVI and was transported to the Adams County Sheriff's Department.
 {¶ 3} A BMV Form 2255[2] was read to Appellee upon arrival at the Sheriff's Department. Appellee ultimately refused to sign the form, refused a breath test and, pursuant to R.C. 4511.191, the Trooper immediately suspended his driving privileges. Trooper Utter provided Appellee with a completed, unsworn copy of the BMV Form 2255 and, after having the form notarized[3] the next day, mailed the form to the BMV.
 {¶ 4} The trial court arraigned Appellee on April 5, 2004. Appellee entered not guilty pleas to the OMVI[4] and turn signal charges. The same day he filed a motion to stay and an appeal of the ALS. On April 21, 2004 Appellee filed an amended appeal of the ALS and petition for limited driving privileges. On April 23, 2004, the trial conducted a hearing on these issues, at which the Trooper and the Post Notary testified. On May 12, 2004, the trial court granted Appellee's ALS appeal.
 {¶ 5} A review of the record indicates that the trial court based its decision on its finding that the BMV Form 2255 was not properly sworn. The court set forth in its journal entry that "it is mandatory the report be `sworn' before the automatic license suspension is effective, see 4511.192(D)(1)(C)(1)(d), 4511.192. D/c/d (sic)." Specifically, the trial court found that the "interchange between the trooper and the notary was causal, more in the form of an acknowledgment than an oath or affirmation" and that "the form itself appear[ed] to have been signed by the trooper in Adams County (specification section of 2255) and notarized in Brown County." As a result, the trial court sustained Appellee's ALS appeal on the basis that "the A.L.S. was and is a nullity since the BMV did not receive a timely `sworn report' per 4511.192."
 {¶ 6} The State now appeals, assigning the following errors:
 {¶ 7} I. "The trial court committed plain error when it sustained appellee's als appeal on a basis outside the scope of O.R.C. §§ 4511.197(C)."
 {¶ 8} II. "The trial court erred when it ruled that the als was and is a nullity on the basis that the bmv did not receive a timely `sworn report' per 4511.192."
 {¶ 9} III."The trial court abused its discretion when it sustained the als appeal when the arresting officer was present at the hearing to provide testimony establishing requirements of O.R.C. § 4511.197(C)."
 {¶ 10} Essentially, Appellant argues that the trial court erred in its application of several statutes. A court does not need to resort to the rules of statutory construction when the statutory language is plain and unambiguous, and conveys a clear and definite meaning. L.J. Minor Corp.v. Breitenbach, 77 Ohio St.3d 168, 171, 1996-Ohio-325, 672 N.E.2d 636;Sears v. Weimer (1944), 143 Ohio St. 312, 55 N.E.2d 413, paragraph five of the syllabus. "An unambiguous statute is to be applied, not interpreted." Sears v. Weimer, supra. To interpret language that is already plain is to legislate, which is not the function of the court. Id. at 316. However, a statute should have, as its objective, some purpose of policy that serves the public welfare. See Celebrezze v.Hughes (1985), 18 Ohio St.3d 71; 74, 102, 479 N.E.2d 886; Bailey v.Evatt (1944), 142 Ohio St. 616, 53 N.E.2d 812, paragraph one of the syllabus.
 {¶ 11} In its first assignment of error, Appellant contends the trial court erred in sustaining appellee's appeal based on reasons outside the scope of R.C. 4511.197(C). We agree. An individual subjected to an ALS for refusal to submit to a breath test may appeal the ALS pursuant to R.C. 4511.197. R.C. 4511.197(C),[5] formerly R.C. 4511.191(H), expressly limits the scope of the appeal "to determining whether one or more of the following conditions have not been met:
(1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19
of the Revised Code or a municipal OVI ordinance or was in physical control of a vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance and whether the arrested person was in fact placed under arrest;
(2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code;
(3) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;
(4) Whichever of the following is applicable:
(a) Whether the arrested person refused to submit to the chemical test or tests requested by the officer[.] * * *"
 {¶ 12} Appellee relies upon State v. Frame for his contention that matters outside the scope of those expressly set forth in R.C. 4511.197(C) may be taken into consideration when deciding whether or not to sustain an ALS appeal. (May 24, 1999), Morrow App. No. CA-881, 1999 WL 333249 (concluding statutory procedures were not properly followed and thereby dismissing the ALS suspension). However, we find contrary holdings in other Ohio districts to be more persuasive than Frame. For example, inState v. Drake, Drake argued that a procedural defect in the form of the officer's failure to provide either him or the Registrar with a sworn report, as required by former R.C. 4511.191(D)(1)(c), now R.C.4511.192(D)(1)(d),[6] voided his ALS. Loraine App. No. 01CA007885, 2002-Ohio-817. The Drake court set forth the criteria for appealing an ALS, as provided in former R.C. 4511.191(H), now R.C. 4511.197(C), and held that "[b]y limiting the appeal to these four areas, R.C. 4511.191(H) [now R.C. 4511.197(C)] bars consideration of whether the procedures mandated by the statute [former R.C. 4511.191(D)(1)(c), now 4511.192(D)(1)(d)] have been met." See Drake (citing Langen v. Caltrider
(Aug. 20, 1998), Montgomery App. No. 17698, 1999 WL 957749). Essentially, the court held that the "arresting officer's failure to follow the correct notarization procedure did not fall within statutorily-limited areas which could be [the] basis of appeal of such suspension." See generally Drake, supra.
 {¶ 13} In the case sub judice, Appellee does not argue that he was denied proper notice regarding the contents of the form or that he was prejudiced in any way by the notarization issue. He essentially argues that the ALS was correctly terminated based upon a technical flaw in a process not covered by the controlling statute, R.C. 4511. 197(C). As such, we find Appellant's first assignment of error to be well taken.
 {¶ 14} In its second assignment of error, Appellant contends the trial court incorrectly found that the ALS was a nullity based upon the BMV's failure to receive a timely sworn report as required by R.C. 4511.192. Here, the trial court recognized that the basis for ALS appeals are limited; however, it expressly stated in its journal entry that: "[t]he court realizes 4511.197 limits the scope of an A.L.S. appeal by its very terms but takes notice of the requirements of 4511.192 that the report must be `sworn' before an A.L.S. can have effect. While inquiry as to whether an A.L.S. report is `sworn' or not may seem to be a collateral attack upon the A.L.S. procedure outside the scope of the A.L.S. appeal statute it is mandatory the report be `sworn' before the automatic license suspension is effective."
 {¶ 15} R.C. 4511.192(B) requires the following statement, in pertinent part, be read to an arrestee before requesting that the arrestee submit to a chemical test: "[i]f you refuse to take any chemical test required by law, your Ohio driving privileges will be suspended immediately." (Emphasis added). If an arrestee, after hearing the statement, still refuses to submit to testing, the arresting officer shall, "[o]n behalf of the registrar of motor vehicles, notify the person that, independent of any penalties or sanctions imposed upon the person, the person's Ohio driver's or commercial driver's license or permit or nonresident operating privilege is suspended immediately." R.C. 4511.192 (D)(1)(a) (Emphasis added). Further, R.C. 4511.191(B)(1) provides that "[u]pon receipt of the sworn report of a law enforcement officer * * * the registrar shall enter into the registrar's records the fact that the person's driver's or commercial driver's license or permit or nonresident operating privilege was suspended by the arresting officer[.] * * * The suspension shall be subject to appeal as provided in section 4511.197 of the Revised Code." (Emphasis added).
 {¶ 16} The reasoning and ultimate holding of the trial court is contrary to the plain and unambiguous language of R.C. 4511.191(B)(1) and4511.192(D)(1)(a). Applying these two statutes in light of one another, we find that an arrestee's license is effectively suspended at the time of refusal of the test, not when the BMV receives the sworn report. When the BMV receives the sworn report, it merely makes a record of the suspension that was already effected by the arresting officer. Accordingly, we sustain appellant's second assignment of error.
 {¶ 17} In its third assignment of error Appellant contends the trial court abused its discretion in sustaining the ALS appeal when the arresting officer was present at the hearing to provide sworn testimony establishing the requirements of R.C. 4511.197(C) were met. R.C.4511.192(F) provides that the sworn report: "is prima-facie proof of the information and statements that it contains. It shall be admitted and considered as primafacie proof of the information and statements that it contains in any appeal under section 4511.197 of the Revised Code relative to any suspension of a person's driver's or commercial driver's license or permit or nonresident operating privilege that results from the arrest covered by the report."
 {¶ 18} This issue is addressed in State. v. Frame, supra, where the arresting officer failed to send a copy of the sworn report to the trial court as required. In Frame, the court held that the statute, former R.C. 4511.191(D)(2), now R.C. 4511.192(E), mandates sending a copy of the sworn report to the trial court and "does not allow for an arresting officer's authentication of the BMV Form 2255 at an ALS appeal hearing as a substitute for the actual sending of the document." (May 24, 1999), Morrow App. No. CA-881, 1999 WL 333249. Here, the facts are distinguishable from the facts of Frame as the officer provided the court with a copy of the report, although the form arguably failed as a sworn report.
 {¶ 19} This situation is addressed in more detail in Langen v.Caltrider, supra, where the court reasoned that "[t]he Registrar may establish such prima facie proof either through the arresting officer's sworn report * * * or through the officer's sworn testimony at a hearingheld during the appeal from the administrative license suspension."
(Emphasis added.) (Aug. 20, 1998), Montgomery App. No. 17698, 1999 WL 957749, (citing Triguba v. Registrar, BMV (June 27, 1996), Franklin App. No. 95 APG11-1416, 1996 WL 362053). The Langen court concluded that the "defect was cured during the judicial proceedings in [the] case * * * when the arresting officer testified under oath about each and every one of the matters which [former] R.C. 4511.191(D)(1)(c) [now 4511.192(D)(1)(d)] requires the sworn report to contain." See Langen.
 {¶ 20} Additionally, we agree that, "[t]he `sworn report' of the arresting officer shall be admitted into evidence in any ALS appeal and considered prima facie proof of the statements and information contained therein. This provision would, however, seem to indicate that an unsworn report would be inadmissible. Of course, the report is only prima facie evidence, and in the absence of a `sworn report' a prosecutor could certainly call the officer in person to testify as to the information." See, Painter, Ohio Driving Under the Influence Law (2004 Ed.) Section 6.7.
 {¶ 21} Here, even if the report failed as a sworn report, the officer was present to testify and did testify regarding the completion of all requirements covered by the report. Appellee does not argue that any of the substantive requirements covered by the form were not met. As inLangen, we conclude that any technical defect in the sworn report was cured by the officer's testimony at the ALS hearing and therefore, Appellant's third assignment of error is well taken.
 {¶ 22} Based upon the foregoing, we sustain Appellant's assignments of error one through three and accordingly reverse the decision of the trial court and remand for further proceeding consistent with this opinion.
Judgment Reversed and Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment Only.
[2] Form 2255, dubbed as such by the Bureau of Motor Vehicles, is required by R.C. 4511.191 (C)(1). The form serves to inform an arrestee of the consequences of refusal to submit upon request to a chemical test, as well as the consequences of submission to the chemical test if found to have a prohibited concentration of alcohol in the blood, breath or urine. Here, it is not disputed that a Form 2255 was read to Appellee; however, it is unclear from the record who specifically performed that task.
[3] Whether the form was actually sworn or whether it was simply notarized was in dispute at the hearing; however, the trial court found that the form failed as a sworn document, partly based upon the testimony from both Trooper Utter and the notary that no formal oath was administered and he was not asked to raise his right hand. This court is not persuaded that the form was not sworn simply because the trooper did not raise his right hand. The transcript identifies that the trooper confirmed with the notary that his signature was on the form and that he swore or affirmed that everything on the form was correct.
[4] We note that the OMVI and turn signal charges are still pending in the court below. Had the ALS terminated pursuant to R.C. 4511.191(C)(2) upon a guilty plea or conviction of the driving charge, any issues related to the ALS would be moot. State v. Clark (January 18, 1996), Harding App. No. 6-95-10, 1996 WL 16861.
[5] Prior to January 1, 2004, R.C. 4511.191(H) defined and limited the scope of an ALS appeal. On and after January 1, 2004, ALS appeals are addressed in R.C. 4511.197(C) rather than R.C. 4511.191(H); however, the substance of the scope of the appeal remains unchanged.
[6] Prior to January 1, 2004, R.C. 4511.191(D)(1)(c) required that a sworn report be sent to the BMV Registrar. On and after January 1, 2004, this requirement is addressed in R.C. 4511.192(D)(1)(d).