OPINION *Page 2 
{¶ 1} Defendant-appellant Wesley Wellman appeals from the July 21, 2006, Judgment Entry of the Licking County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 5, 2006, appellant was arrested and charged with operating a motor vehicle while under the influence of drugs and/or alcohol in violation of R.C. 4511.19 and one count of failure to control in violation of R.C. 4511.202. Appellant submitted to a breath alcohol test as requested by the arresting officer and blew a .139%. As a result, appellant was placed under an administrative license suspension (ALS) under R.C. 4511.191(C). Appellant was also charged with operating a motor vehicle with a prohibited blood alcohol concentration.
 {¶ 3} On April 6, 2006, appellant filed a motion to preserve and produce any and all audio and/or video recordings relevant to the case sub judice. Pursuant to an Entry filed the same day, the trial court granted such motion.
 {¶ 4} Subsequently, appellee, on June 28, 2006, filed a motion to dismiss all of the pending charges against appellant without prejudice since the videotape in the case sub judice had been destroyed. Appellee, in its motion, indicated that the same might have been destroyed after "the motion to preserve evidence had been ordered." As memorialized in an Entry filed on June 29, 2006, the charges against appellant were dismissed without prejudice.
 {¶ 5} On June 30, 2006, appellant filed a motion to terminate the ALS pursuant to R.C. 4511.197 because the charges against him had been dismissed. Appellee filed *Page 3 
a response in opposition to such motion. Following a hearing held on July 19, 2006, the trial court denied appellant's motion. The trial court, in its July 21, 2006, Judgment Entry, held that R.C. 4511.197(D) requires that an ALS be set aside if the person charged was later found not guilty of the charge that resulted in the chemical test being taken. The trial court noted that appellant was never found not guilty, but rather that the charges against appellant were dismissed on appellee's motion.
 {¶ 6} Appellant now raises the following assignments of error on appeal:
 {¶ 7} "I. THE TRIAL COURT ERRED WITH PREJUDICE AGAINST APPELLANT BY FAILING TO TERMINATE THE ADMINISTRATIVE LICENSE SUSPENSION IMPOSED UNDER RC 4511.191(C), DESPITE THE UNDERLYING CHARGES BEING DISMISSED BY THE STATE AND APPELLANT RETAINING HIS LEGAL STATUS OF `NOT GUILTY' UNDER RC4511.191(2).
 {¶ 8} "II. THE TRIAL COURT ERRED WITH PREJUDICE TO APPELLANT BY FAILING TO CONSTRUE AMBIGUOUS STATUTORY LANGUAGE AGAINST THE STATE AND IN FAVOR OF THE ACCUSED."
 I, II {¶ 9} Appellant, in his first assignment of error, argues that the trial court erred in failing to terminate the ALS imposed pursuant to R.C. 4511.191(C) after the underlying charges against him were dismissed upon motion of appellee. Appellant, in his second assignment of error, argues that the trial court erred in failing to construe ambiguous statutory language against the State and in favor of appellant. We disagree. *Page 4 
 {¶ 10} R.C. 4511.197[1] states, in relevant part, as follows: "(D) . . ." Except as otherwise provided in this section, if a suspension imposed under section 4511.191 of the Revised Code is upheld on appeal or if the subject person does not appeal the suspension under division (A) of this section, the suspension shall continue until the complaint alleging the violation for which the person was arrested and in relation to which the suspension was imposed is adjudicated on the merits or terminated pursuant to law. If the suspension was imposed under division (B)(1) of section 4511.191 of the Revised Code and it is continued under this section, any subsequent finding that the person is not guilty of the charge that resulted in the person being requested to take the chemical test or tests under division (A) of section 4511.191 of the Revised Code does not terminate or otherwise affect the suspension.If the suspension was imposed under division (C) of section 4511.191 ofthe Revised Code in relation to an alleged misdemeanor violation ofdivision (A) or (B) of section 4511.19 of the Revised Code or of amunicipal OVI ordinance and it is continued under this section, thesuspension shall terminate if, for any reason, the person subsequentlyis found not guilty of the charge that resulted in the person taking thechemical test or tests." (Emphasis added).
 {¶ 11} In the case sub judice, the ALS was imposed pursuant to R.C.4511.191(C). At issue in the case sub judice is whether the ALS should have been terminated after the charges against appellant were dismissed upon appellee's motion or, as appellee alleged before the trial court, whether the ALS should have remanded in effect since appellant was never found "not guilty of the charge that resulted in [appellant] taking the chemical test . . ." *Page 5 
 {¶ 12} Appellant cites to State v. Spicer (April 3, 1995), Preble App. No. CA94-08-020, 1995 WL 141426 in support of his assertion that the ALS should have been terminated after the charges against him were dismissed. In Spicer, the appellant received an ALS pursuant to R.C.4511.191(F)[2] and a citation for DU I after a blood test revealed that his blood-alcohol content exceeded the legal limit. Because the blood test had not been performed in compliance with regulatory standards, the state reduced the DU I charge to a charge of reckless operation charge. The appellant then pleaded guilty to that charge and the DUI charge was dismissed. After the trial court refused to terminate the appellant's ALS, the appellant appealed.
 {¶ 13} The Preble County Court of Appeals, in Spicer, held that R.C.4511.191(H)(2) required the termination of the appellant's ALS. The court noted that the version of R.C. 4511.191(H)(2) in effect at the time of the appellant's arrest stated, in relevant part, as follows: If the suspension was imposed under division (F) of this section and it is continued under this division, the suspension shall terminate if, for any reason, the person subsequently is found not guilty of the charge that resulted in the person taking the chemical test or tests under division (A) of this section."
 {¶ 14} The court, in Spicer, in modifying the judgment of the trial court, stated, in relevant part, as follows: "It is clear to this court that where the state agrees to reduce a charge of DUI to reckless operation, the defendant pleads guilty to reckless operation, and the state dismisses the DUI charge, then the defendant is "not guilty" of driving under the influence. Since the BMV will apparently not terminate Spicer's administrative license suspension absent a finding of "not guilty" to the DUI charge, this court will do what the trial court should have done. This court hereby modifies Spicer's judgment to *Page 6 
reflect that he was found not guilty of driving under the influence in Eaton Municipal Court Case No. 94-04-TRC-2242. Since Spicer is not guilty of the charge that resulted in his administrative license suspension, the BMV must terminate that suspension under R.C. 4511.191(H)(2)." Id at 1.
 {¶ 15} We, however, find Spicer to be distinguishable from the case sub judice. As is stated above, in Spicer, the DU I charge against the appellant was reduced to a charge of reckless operation and the appellant entered a plea of guilty to the same. The DU I charge was then dismissed in accordance with the plea agreement. On such basis, theSpicer court held that the appellant was "not guilty" of the charge of driving under the influence. We note that, in contrast, in the case sub judice, appellant never entered any type of plea. The charges against him were dismissed without prejudice upon the state's motion rather than, as appellant alleges, with prejudice. The charges, therefore, can presumably be refiled. In short, on such basis, we find that appellant was never found "not guilty" of the underlying charges.
 {¶ 16} Appellant also argues that the language in R.C. 4511.197 is ambiguous and should be construed liberally in his favor. A court may interpret a statute only where the words of the statute are ambiguous.State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs. (1987),32 Ohio St.3d 24, 27, 512 N.E.2d 332, 335. Ambiguity exists if the language is susceptible of more than one reasonable interpretation. State ex rel.Toledo Edison Co. v. Clyde (1996), 76 Ohio St.3d 508, 513,668 N.E.2d 498, 504. Words used in a statute are to be taken in their usual, normal, and customary meaning. State ex rel. Pennington v. Gundler
(1996), 75 Ohio St.3d 171, 173, 661 N.E.2d 1049. Further, unless a statute is ambiguous, the court must give effect to the plain meaning of a *Page 7 
statute. Id. When a court must interpret a criminal statute, which defines offense or penalties, the language should be strictly construed against the State and liberally construed in favor of the accused. R.C.2901.04(A); State v. Hill (1994), 70 Ohio St.3d 25, 31, 635 N.E.2d 1248.
 {¶ 17} However, we find that the phrase "found not guilty of the charge" as used in R.C. 4511.197(D), cited above, is not ambiguous and must be given its plain and ordinary meaning. Appellant contends that such phrase is ambiguous since the court, in Spicer, supra., "interpreted the statutory language under R.C. 4511.191(H)[3] to include cases in which charges are dismissed by the state" whereas "[u]nder the trial court's definition, the defendant would be required to be formally found `not guilty' of the underlying charge in order for the suspension to terminate."
 {¶ 18} However, as is stated above, we find Spicer to be distinguishable from the case sub judice. Moreover, as noted by the trial court, had the legislature intended for an ALS to be terminated upon dismissal of the underlying charges, it certainly could have so specified. The Legislature, however, did not do so. *Page 8 
 {¶ 19} Appellant's two assignments of error are, therefore, overruled.
 {¶ 20} Accordingly, the judgment of the Licking County Municipal Court is affirmed.
Edwards, J., Gwin, P.J., and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.
[1] As noted by the Court in State v. Clinger, Adams App. No. 04CA788,2005-Ohio-2277, prior to January 1, 2004, R.C. 4511.191(H) addressed the scope of an ALS appeal.
[2] R.C. 4511.191 has since been reconfigured. It appears R.C.4511.191(F) is equivalent to 4511.191(C).
[3] Now R.C. 4511.197. *Page 1