[Cite as *State v. Allen*, 2010-Ohio-1257.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                     CASE NO.  13-09-25

    v.

TIFFANY M. ALLEN,                       O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Tiffin Municipal Court
Trial Court No. 2009 TRC 1117 AB

**Judgment Affirmed**

**Date of Decision:   March 29, 2010**

APPEARANCES:

    *Richard A. Kahler*  for Appellant

    *Richard A. Palau*  for Appellee

**SHAW, J.**

{¶1} Although originally placed on our accelerated calendar, we elect, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-Appellant Tiffany Allen ("Allen") appeals the July 6, 2009 Judgment Entry of the Tiffin Municipal Court denying her appeal and request to invalidate the Administrative License Suspension and upholding the seizure of her driver's license in violation of R.C. 4511.19(A)(1)(a) and (h).

{¶3} The facts pertinent to this appeal are as follows. On May 10, 2009, at 3:26 a.m., Tiffin Police Sergeant Stevens was on patrol and stopped at a traffic light when he noticed Allen's car drive through the intersection without the headlights or tail lights illuminated. Sergeant Stevens pulled behind her car and activated the emergency overhead light on the police cruiser signaling her to stop. He approached the vehicle and asked Allen for identification. At this time, he observed Allen's eyes to be red and bloodshot and noticed her movements were lethargic. As he conversed with Allen, he also smelled a strong odor of alcohol emitting from her breath.

{¶4} Sergeant Stevens asked Allen to step out of the vehicle to perform a variety of field sobriety tests. Allen failed these tests and Sergeant Stevens advised her that she was under arrest. He then had her vehicle towed and took her to the Tiffin Police Department. Sergeant Stevens showed Allen the BMV form

2255[1] and read it to her. He then asked if she would submit to a chemical test of her breath and informed her of the consequences of refusal. Allen submitted to the test which returned a reading of 0.204%— a prohibited concentration of alcohol. The test findings resulted in the immediate suspension of Allen's driving privileges, also referred to as an Administrative License Suspension ("ALS").

{¶5} Prior to releasing her from police custody, Sergeant Stevens gave Allen an unsworn copy of the BMV form 2255. However, he failed to notarize the copies of the form that he sent to BMV Registrar and the trial court as required by R.C. 4511.192(D)(1)(d) and (E).

{¶6} Allen appealed the ALS and the trial court heard the matter on July 6, 2009. At the hearing, Sergeant Stevens testified that he sent unsworn copies of the BMV form 2255 to the Registrar and the trial court. On the stand and under oath, Sergeant Stevens testified to each of the statutory requirements contained in the BMV form 2255. Allen orally requested the trial court to invalidate the ALS claiming Sergeant Stevens' failure to submit a sworn copy of the BMV form 2255 to the Registrar and the trial court rendered the ALS ineffective. The trial court denied her request upholding the ALS.

---

[1] This form is required by R.C. 4511.191(C)(1) and is statutorily referred to as the "sworn report." The purpose of this document is to inform the arrestee of the consequences for refusing to submit to a chemical test upon request, as well as the consequences of the arrestee submitting to chemical test if found to have a prohibited concentration of alcohol in the blood, breath or urine. It is also in this form where the arresting officer states the reasonable grounds, present at the time of arrest, to believe the arrestee was operating the vehicle while under the influence.

{¶7} Allen now appeals asserting a single assignment of error.

**THE TRIAL COURT ERRED IN AFFIRMING THE ADMINISTRATIVE LICENSE SUSPENSION AGAINST THE DEFENDANT-APPELLANT AND DENYING HER ATTEMPTS TO VACATE, DISMISS AND NEGATE HER ADMINSTRATIVE LICENSE SUSPENSION ISSUE MAY 10, 2009.**

{¶8} In her sole assignment of error, Allen argues that her ALS is ineffective because Sergeant Stevens failed to send notarized copies of the BMV form 2255 (the "report") to the Registrar and the trial court. Specifically, she maintains that submitting a sworn copy of the report is a mandatory prerequisite to an effective ALS. Therefore because Sergeant Stevens did not notarize the report, her ALS was never valid.

{¶9} Upon arrest for operating a vehicle under the influence, R.C. 4511.192(B) requires the arresting officer to read specific language to the arrestee prior to requesting the arrestee submit to a chemical test. BMV form 2255 contains the same language found in the statute informing the arrestee of the charge for which she is arrested and states in pertinent part: "[i]f you take any chemical test required by law and are found to be at or over the prohibited amount of alcohol * * * your Ohio driving privileges will be suspended *immediately*, and you will have to pay a fee to have the privileges reinstated." (Emphasis added). If the arrestee submits to the chemical test and the test results indicate a prohibited concentration of alcohol in the person's breath the arresting officer shall, "[o]n

behalf of the registrar of motor vehicles, notify that person that, independent of any penalties or sanctions imposed on the person, the person's Ohio driver's license or commercial driver's license or permit or nonresident operative privilege is suspended *immediately*." R.C. 4511.192(D)(1)(a) (Emphasis added). Additionally, R.C. 4511.191(B)(1) provides record keeping instructions to the registrar stating, "[u]pon receipt of the sworn report of a law enforcement officer * * * the registrar shall enter the into the registrar's records the fact that the person's driver's or commercial driver's license or permit or nonresident operating privilege *was suspended by the arresting officer*[.] (Emphasis added).

{¶10} It is clear from the statutory language above that the arrestee's suspension is effective immediately upon the chemical test results finding that the arrestee's breath contained a prohibited concentration of alcohol. Therefore contrary to Allen's assertions, her license suspension was effective immediately upon the alcohol concentration in her breath registering at 0.204% and thus was not dependent on the registrar receiving a sworn copy of the BMV form 2255. Moreover, the receipt of the sworn report merely operates as a record keeping function. Upon receiving the sworn report, the Registrar makes a record of the suspension *already effectuated* at the time of arrest.

{¶11} Furthermore, to interpret the effectiveness of the ALS to be dependent on the Registrar receiving a sworn report is not only contrary to the

express statutory language but would also serve to make the suspension process inefficient and impractical. If the ALS does not take effect immediately upon refusal to submit to the chemical test or upon the chemical test indicating a prohibited concentration of alcohol, then presumably a person's driver's license would remain effective until the Registrar processed the form. Depending on the jurisdiction, this could take a day or several days leading to a disparate result for when the ALS becomes effective. On the other hand, effectuating the suspension immediately at the time of a refusal or failure of the chemical test provides for a uniformed application of the ALS process across jurisdictional lines.

{¶12} Allen also argues that Sergeant Steven's testimony at the ALS appeal was an insufficient substitute for submitting the report sworn. In asserting this argument, Allen relies on the language contained in R.C. 4511.192(D)(1)[2] which states in pertinent part:

> **(D)(1) If a law enforcement officer asks a person under arrest * * * to submit to a chemical test * * * the person submits to the test or tests and the test results indicate a prohibited concentration of alcohol, a controlled substance, or a metabolite of a controlled substance in the person's whole blood, blood serum or plasma, breath, or urine at the time of the alleged offense, the arresting officer shall do all of the following:**
> **\* \* \***

---

[2] It should be noted that in her brief Allen claims to cite to this section, however the actual language included in the brief is from a prior version of the statute R.C. 4511.191(D)(1)(c) which was later recodified under the current section R.C. 4511.192(D)(1)(d) in 2002 and subsequently amended several times. While the actual language changed, the statutory law remained substantially the same.

**(d) Send to the registrar, within forty-eight hours after the arrest of the person, a sworn report that includes all of the following statements:**

**(i) That the officer had reasonable grounds to believe that, at the time of the arrest, the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance or for being in physical control of a stationary vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance;**

**(ii) That the person was arrested and charged with a violation of division (A) or (B) of section 4511.19 of the Revised Code, section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance, or a municipal OVI ordinance;**
**\* \* \***
**(v) If the person was under arrest as described in division (A)(5) of section 4511.191 of the Revised Code and the chemical test or tests were performed in accordance with that division, that the person was under arrest as described in that division, that the chemical test or tests were performed in accordance with that division, and that test results indicated a prohibited concentration of alcohol, a controlled substance, or a metabolite of a controlled substance in the person's whole blood, blood serum or plasma, breath, or urine at the time of the alleged offense.**
**\* \* \***
**(F) The sworn report of an arresting officer completed under this section is prima-facie proof of the information and statements that it contains. It shall be admitted and considered as prima-facie proof of the information and statements that it contains in any appeal under section 4511.197 of the Revised Code relative to any suspension of a person's driver's or commercial driver's license or permit or nonresident operating privilege that results from the arrest covered by the report.**

{¶13} Upon reviewing this section in the context of the entire statute, it is clear that Allen's effort to relate this section to the effectiveness of her ALS misconstrues the statutory language. R.C. 4511.192(D)(1)(d) and (F) govern the evidentiary characteristic attributed to the sworn report when the ALS is appealed but it does not, in any way, address the validity of the ALS. If the legislature had intended an unsworn report to render the ALS invalid, it would have been a simple matter to expressly say so in the statute.

{¶14} Instead, R.C. 4511.192(D)(1)(d) requires specific information to be contained in the report which serves as evidence in support of the ALS. Further, R.C. 4511.192(F) only provides that when the officer submits the report sworn, the report shall be admitted as prima-facie proof of its contents. Taken together these provisions seem to indicate that if the report was unsworn it would be inadmissible standing alone to prove its contents. Therefore, submitting the report unsworn only strips it of the benefit of serving as prima-facie proof and thereby requiring some other evidence to be admitted to support the ALS when challenged on appeal. However, nowhere in the language of the statute does it state that an unsworn report renders the ALS ineffective or invalid.

{¶15} In the instant case, because the Sergeant Stevens' report was unsworn, it could not be offered as prima-facie proof of the information and statements it contained. However, Sergeant Stevens testified to the statutorily

required contents of the report pursuant to R.C. 4511.192(D)(1)(d)(i)(ii) and (v)[3] at the ALS appeal. Other jurisdictions have held that the testimony of the arresting officer regarding the completion of all the requirements covered by the report is sufficient to support the ALS on appeal. See *State v. Clinger*, 2005-Ohio-2277, ¶ 21 (Ohio App. 4 Dist.) (holding that even if the report failed as a sworn report, the officer's testimony regarding the contents of the report was sufficient to prove the officer complied with the statutory requirements); see also *Triguba v. Registrar*, BMV (June 27, 1996, Franklin App. 95 APG11-1416, 1996 WL 36205, *2) (stating that "[i]n the absence of a sworn report, the registrar could call upon the arresting officer to testify in person as to the information which the report is required to contain").

{¶16} Furthermore, in *Langen v. Caltrider* the court specifically addressed this issue. That court stated that prima facie proof that the procedures mandated by the statute have been satisfied can be established "*either* through the arresting officer's sworn report * * * *or* through the officer's sworn testimony at a hearing held during the appeal from the administrative license suspension." *Langen v. Caltrider*, (Aug. 20, 1999), Montgomery No. 17698, 1999 WL 957749, *4. (Emphasis added). Further the *Langen* Court concluded, on facts similar to the

---

[3] These three requirements are: 1) Sergeant Stevens had reasonable grounds at the time of the arrest to believe that Allen was operating her vehicle under the influence; 2) He arrested Allen and charged her; and 3) Allen submitted to the chemical test and the results indicated her breath contained a prohibited concentration of alcohol.

case sub judice, that submitting the report unsworn was "cured" during the ALS hearing, when the arresting officer testified—under oath—to each of the statutory requirements contained in the report. *Id.* We concur with the foregoing authorities in concluding that when the arresting officer submits the report unsworn, the testimony of the officer at the subsequent judicial proceedings may serve as prime facie proof of the completion of the statutory requirements contained in the report.

{¶17} Finally, we note that the issues which can be raised on the appeal of an ALS are statutorily limited. R.C. 4511.197(C) states:

> **If a person appeals a suspension * * * the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:**
>
> **(1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance or was in physical control of a vehicle, streetcar, or trackless trolley in violation of section 4511.194 of the Revised Code or a substantially equivalent municipal ordinance and whether the arrested person was in fact placed under arrest;**
>
> **(2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code;**
>
> **(3) If the person was under arrest as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer advised the person at the time of the arrest that if the person refused to take a chemical test, the officer could**

**employ whatever reasonable means were necessary to ensure that the person submitted to a chemical test of the person's whole blood or blood serum or plasma; or if the person was under arrest other than as described in division (A)(5) of section 4511.191 of the Revised Code, whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;**

**(4)    Whichever of the following is applicable:**

**(a)   If the suspension was imposed under division (B) of section 4511.191 and section 4511.192 of the Revised Code, whether the arrested person refused to submit to the chemical test or tests requested by the officer;**

**(b)   If the suspension was imposed under division (C) of section 4511.191 and section 4511.192 of the Revised Code, whether the arrest was for a violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance and, if it was, whether the chemical test results indicate that at the time of the alleged offense the arrested person's whole blood, blood serum or plasma, breath, or urine contained at least the concentration of alcohol specified in division (A)(1)(b), (c), (d), or (e) of section 4511.19 of the Revised Code or at least the concentration of a listed controlled substance or a listed metabolite of a controlled substance specified in division (A)(1)(j) of section 4511.19 of the Revised Code.**

The specific criteria set forth in R.C. 4511.197(C) limits the scope of the ALS appeal to these four areas.  Noticeably absent is any consideration of whether the procedures mandated by the statute have been satisfied.  See *State v. Drake*, 2002-Ohio-817, *2 (Ohio App. 9 Dist.) (holding that an arresting officer's failure to follow the correct notarization procedure did not fall within the statutorily-limited areas which could be the basis of an ALS appeal).

{¶18} In the instant case, Allen does not argue that any conditions found in R.C. 4511.197(C) have not been met. Rather she seeks to have her ALS terminated based on a technical flaw which was later cured by the officer's testimony and falls outside the purview of her ALS appeal. For all these reasons, we find no error in the trial court's decision to uphold the ALS in this case. Accordingly Allen's assignment of error is overruled.

{¶19} Based on the foregoing, the July 6, 2009 Judgment Entry of the Tiffin Municipal Court, Seneca County, Ohio upholding Allen administrative license suspension is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J., concur.**

**/jlr**

**ROGERS, J., Dissenting.**

{¶20} I must dissent from the opinion of the majority which ignores the clear and unequivocal language of the statute. R.C. 4511.192(D)(1) requires that "the arresting officer *shall* do all of the following: * * * (d) Send to the registrar, within forty-eight hours after the arrest of the person, a sworn report * * *." (Emphasis added.) The majority states that the only impact of an officer's failure to swear to the contents of the form is that it is not then "prima facie proof of the

information and statements it contains." I strongly disagree. I would hold that an officer's failure to swear to the contents of the BMV Form 2255 invalidates any administrative license suspension that could have resulted from proper compliance with the statute.

{¶21} The majority also fails to recognize another portion of the statute which requires notice to the person arrested:

> **The arresting officer shall give the officer's sworn report that is completed under this section to the arrested person at the time of the arrest, or the registrar of motor vehicles shall send the report to the person by regular first class mail as soon as possible after receipt of the report, but not later than fourteen days after receipt of it.** *An arresting officer may give an unsworn report to the arrested person at the time of the arrest provided the report is complete when given to the arrested person and subsequently is sworn to by the arresting officer*. **As soon as possible, but not later than forty-eight hours after the arrest of the person, the arresting officer shall send** *a copy of the sworn report* **to the court in which the arrested person is to appear on the charge for which the person was arrested.**

(Emphasis added.) R.C. 4511.192(E). Are we to ignore this requirement as well? See *State v. Frame*, 5th Dist. No. CA-881, 1999 WL 333249 (finding that "[t]he sending of a copy of the sworn report to the court is a mandatory requirement. The statute uses the term 'shall' and does not allow for an arresting officer's authentication of the BMV Form 2255 at an ALS appeal hearing as a substitute for the actual sending of the document").

{¶22} I submit that the requirement that BMV Form 2255 be sworn to by the arresting officer is no less important than the swearing to a criminal complaint, and without which the complaint would be a nullity. Because the effect of an administrative license suspension is intended to be immediate and without prior due process, perfect compliance must be demanded.

{¶23} The majority rationalizes that the legislature could have added language that the suspension will not be effective unless the form is properly sworn, had that been its intention. However, the statute clearly states what the arresting officer must do to effect the suspension; to then state the negative would be superfluous. Accordingly, I would find that the administrative license suspension was a nullity and reverse the judgment of the trial court.

{¶24} Finally, I note that the majority opinion finds that R.C. 4511.197(C) limits the scope of appeals from administrative license suspensions, and that scope does not include considerations of whether the statutorily mandated procedures were satisfied. Assuming, arguendo, that I concur with this finding, perhaps the appropriate procedure to obtain relief would be the filing of a special writ against the Bureau of Motor Vehicles.

/jlr