**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Jacobson v. Kaforey,* **Slip Opinion No. 2016-Ohio-8434.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8434

JACOBSON, APPELLEE, *v*. KAFOREY ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Jacobson v. Kaforey,* Slip Opinion No. 2016-Ohio-8434.]

*Civil actions—R.C. 2307.60(A)(1)—The current version of R.C. 2307.60 independently authorizes a civil action for damages caused by criminal acts, unless otherwise prohibited by law.*

(No. 2015-1340—Submitted April 19, 2016—Decided December 28, 2016.)

CERTIFIED by the Court of Appeals for Summit County,

No. 26915, 2015-Ohio-2624.

_____

O'NEILL, J.

{¶ 1} The Ninth District Court of Appeals identified a conflict between its judgment in this case and prior judgments of the Third, Fifth, and Tenth District Courts of Appeals. The court certified to us, and we agreed to answer, the following question of law: "Does the current version of R.C. 2307.60 independently authorize a civil action for damages caused by criminal acts, unless otherwise prohibited by

law?" Applying the plain and unambiguous terms of R.C. 2307.60, we answer the certified question in the affirmative and affirm the judgment of the Ninth District Court of Appeals.

**Facts and Procedural History**

{¶ 2} Jessica Jacobson filed a pro se complaint against defendants-appellants Ellen C. Kaforey, Akron Children's Hospital, and Cleveland Clinic Children's Hospital for Rehabilitation, alleging, as relevant to this appeal, three civil claims brought under R.C. 2307.60. Each of those claims sought recovery for damages arising out of the alleged violation of a criminal statute: unlawful restraint, R.C. 2905.03; kidnapping, R.C. 2905.01; and child enticement, R.C. 2905.05. Jacobson alleged that the hospitals and Kaforey—an attorney and registered nurse who had been appointed by the Summit County Probate Court as a conservator to assist Jacobson's mother in making medical decisions for Jacobson—unlawfully restrained her by keeping her mother from visiting her while Jacobson was hospitalized in 2001 at the age of seven. Further, Jacobson alleged that Kaforey, aided by Cleveland Clinic Children's Hospital for Rehabilitation, kidnapped her by arranging without authority to have her sent that year to live with a family member in Florida. And finally, Jacobson alleged that Kaforey, in concert with the hospitals, unlawfully enticed her onto the plane to Florida without obtaining the required legal permission from Jacobson's mother.

{¶ 3} Kaforey and both hospitals moved to dismiss all counts of the complaint under Civ.R. 12(B)(6) for failure to state claims upon which relief could be granted. The trial court granted the motions as to all claims and dismissed the case. In ruling on the claims brought under R.C. 2307.60, the trial court observed that "Ohio courts have established that civil actions for damages may not be predicated upon alleged violation of a criminal statute."

{¶ 4} Jacobson appealed pro se, raising several assignments of error asserting that the trial court should not have dismissed the claims brought under

2

R.C. 2307.60. She argued that that statute creates a cause of action to recover damages caused by a criminal act. After briefing was completed, the court of appeals granted in part a motion filed by Jacobson's stepfather, Gary Kirsch, to substitute himself for her as her guardian, and Kirsch later retained counsel. A divided panel of the court of appeals agreed with Jacobson and Kirsch, holding that "the current version of R.C. 2307.60 independently authorizes a civil action for damages" caused by criminal acts. "That is exactly what the plain language of the statute authorizes." 2015-Ohio-2624, 39 N.E.3d 799, ¶ 21 (9th Dist.). The court of appeals remanded the cause to the trial court for further proceedings.

{¶ 5} Kaforey and both hospitals moved the court of appeals under App.R. 25 to certify a conflict between its judgment and the judgments of several other district courts of appeals, each of which held that R.C. 2307.60 does not create an independent cause of action but merely codifies Ohio common law that a civil action does not merge into a criminal prosecution. The court of appeals granted the motions, holding that its judgment was in conflict with judgments of the Third, Fifth, and Tenth District Courts of Appeals. *Applegate v. Weadock*, 3d Dist. Auglaize No. 2-95-24, 1995 WL 705214, *3 (Nov. 30, 1995); *McNichols v. Rennicker*, 5th Dist. Tuscarawas No. 2002 AP 04 0026, 2002-Ohio-7215, ¶ 17; *Edwards v. Madison Twp.*, 10th Dist. Franklin No. 97APE06-819, 1997 WL 746415, *7 (Nov. 25, 1997); *Groves v. Groves*, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, ¶ 25. We determined that a conflict exists and ordered briefing. 143 Ohio St.3d 1496, 2015-Ohio-4468, 39 N.E.3d 1268.

## Analysis

{¶ 6} We must answer the straightforward question certified to us by the court of appeals: "Does the current version of R.C. 2307.60 independently authorize a civil action for damages caused by criminal acts, unless otherwise prohibited by law?" We hold that it does.

**{¶ 7}** The statutory language at the heart of the dispute in this case is current R.C. 2307.60(A)(1). It provides:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, 2274, 2276.

**{¶ 8}** When we consider the meaning of a statute, our first step is always to determine whether the statute is "plain and unambiguous." *State v. Hurd*, 89 Ohio St.3d 616, 618, 734 N.E.2d 365 (2000). If "the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation," because "an unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. Ambiguity, in the sense used in our opinions on statutory interpretation, means that a statutory provision is "capable of bearing more than one meaning." *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16. Without "an initial finding" of ambiguity, "inquiry into legislative intent, legislative history, public policy, the consequences of an interpretation, or any other factors identified in R.C. 1.49 is inappropriate." *Id.*; *State v. Brown*, 142 Ohio St.3d 92, 2015-Ohio-486, 28 N.E.3d 81, ¶ 10. We "do not have the authority" to dig deeper than the plain meaning of an unambiguous statute "under the guise of either statutory interpretation or liberal construction."

*Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 347, 626 N.E.2d 939 (1994). If we were to brazenly ignore the unambiguous language of a statute, or if we found a statute to be ambiguous only after delving deeply into the history and background of the law's enactment, we would invade the role of the legislature: to write the laws.

{¶ 9} We remain careful, however, not to "pick out one sentence and disassociate it from the context." *Black-Clawson Co. v. Evatt*, 139 Ohio St. 100, 104, 38 N.E.2d 403 (1941). We instead focus on everything within "the four corners of the enactment" in order to "determine the intent of the enacting body." *Id.*

{¶ 10} Applying these principles, we answer the certified question in the affirmative. R.C. 2307.60(A)(1), by its plain and unambiguous terms, creates a statutory cause of action for damages resulting from any criminal act. The wording chosen by the Ohio General Assembly is explicit: any person "injured * * * by a criminal act *has* * * * a civil action" unless a civil action "is specifically excepted by law." (Emphasis added.) R.C. 2307.60(A)(1). The preamble of the legislation originally enacting that language in R.C. 2307.60, which became effective in 1985, demonstrates that the General Assembly specifically sought to create a civil cause of action for damages resulting from *any* criminal act: "**AN ACT** * * * to amend, for the purpose of adopting a new section number as indicated in parentheses, section 1.16 (2307.60) * * * of the Revised Code to establish a specific statutory civil action for the recovery of full damages for personal injury or property loss arising from any criminal act * * *." (Boldface and capitalization sic.) Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, 3783. These legislative statements are crystal clear. We need not dig further into the meaning of the statute than the language that was signed into law. Although R.C. 2307.60 has been amended a number of times since 1985, current R.C. 2307.60(A)(1) continues to specifically

authorize a civil action for damages based on the violation of any criminal statute, unless an exception applies.

{¶ 11} We make no ruling today beyond answering the certified-conflict question. Any ensuing issues regarding how the statute operates or what a plaintiff must do to prove a claim under R.C. 2307.60(A)(1) are beyond the scope of this appeal. Resolution of issues of that type by this court must await an appeal in a case in which the issues are properly before the court.

{¶ 12} By holding that R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, we faithfully apply our precedents on statutory construction. We recognize the concerns expressed by the defendants in this case that our ruling today in this regard may open the floodgates of litigation and permit a flurry of new civil claims to be raised in perhaps dubious circumstances. But those gates are not ours to open or close. The decision to create a civil cause of action for any person injured by a criminal act has been definitively made by the General Assembly.

**Conclusion**

{¶ 13} By its plain and unambiguous language, R.C. 2307.60 creates a civil cause of action for damages resulting from any criminal act, unless otherwise prohibited by law. We therefore answer the certified question in the affirmative and affirm the judgment of the court of appeals, which remanded the cause to the trial court for further proceedings.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER and LANZINGER, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion joined by JENSEN, J.

O'DONNELL, J., dissents, with an opinion.

JAMES D. JENSEN, of the Sixth District Court of Appeals, sitting for FRENCH, J.

6

_____

**KENNEDY, J., concurring in judgment only.**

**{¶ 14}** I agree with the majority that R.C. 2307.60 does create an independent civil cause of action. However, because I believe that the statutory provision "is, itself, capable of bearing more than one meaning," *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 16, and therefore is ambiguous, I disagree with the majority's analysis and concur in judgment only.

**{¶ 15}** Because the statute is ambiguous, we should consider other matters under R.C. 1.49 to determine the intention of the General Assembly. After consideration of the factors set forth in R.C. 1.49, I agree that R.C. 2307.60 does create an independent civil cause of action. Therefore, I would answer the certified question in the affirmative and affirm the judgment of the Ninth District Court of Appeals, albeit on different grounds from those of the majority.

**{¶ 16}** The certified-conflict question asks, "Does the current version of R.C. 2307.60 independently authorize a civil action for damages caused by criminal acts, unless otherwise prohibited by law?" 143 Ohio St.3d 1496, 2015-Ohio-4468, 39 N.E.3d 1268.

**{¶ 17}** The current version of R.C. 2307.60 became effective in 2008. 2008 Sub.S.B. No. 184. While R.C. 2307.60 has multiple provisions, the certified-conflict issue focuses on the language of R.C. 2307.60(A)(1), which provides:

> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or

7

exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

## I. Statutory Construction

{¶ 18} "The ultimate inquiry in the interpretation of statutes is to ascertain the legislative intent." *Caldwell v. State*, 115 Ohio St. 458, 466, 154 N.E. 792 (1926). One of the cardinal rules of statutory construction is that we must first examine the language of the statute itself. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378 (1973). " '[I]f the words [are] free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the lawmaking body, there is no occasion to resort to other means of interpretation.' " *Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 144 Ohio St.3d 278, 2015-Ohio-3731, 42 N.E.3d 718, ¶ 12, quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus.

{¶ 19} " '[T]he General Assembly is not presumed to do a vain or useless thing, and * * * when language is inserted in a statute it is inserted to accomplish some definite purpose.' " *State v. Wilson*, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997), quoting *State ex rel. Cleveland Elec. Illum. Co. v. Euclid*, 169 Ohio St. 476, 479, 159 N.E.2d 756 (1959). When reviewing a statute, we cannot " 'pick out one sentence and disassociate it from the context,' " but we instead must look at " 'the four corners of the enactment' " to determine the intent of the legislature. *MacDonald v. Bernard*, 1 Ohio St.3d 85, 89, 438 N.E.2d 410 (1982), quoting *Black-Clawson Co. v. Evatt*, 139 Ohio St. 100, 104, 38 N.E.2d 403 (1941). If a statute is ambiguous, then the court may consider "other matters" in determining the intention of the legislature. R.C. 1.49.

{¶ 20} Because the phrase "has * * * a civil action" in R.C. 2307.60(A)(1) is reasonably susceptible of more than one meaning, I disagree with the majority that R.C. 2307.60 is unambiguous, and I instead find that R.C. 2307.60 is

ambiguous. *See Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001). Accordingly, it is necessary to consider "other matters" under R.C. 1.49. Reviewing the circumstances of the statutory enactment, R.C. 1.49(B), the former statutory provisions, R.C. 1.49(D), the available legislative history, R.C. 1.49(C), and the consequences of a particular construction, R.C. 1.49(E), demonstrates the General Assembly's intent to create an independent civil cause of action in R.C. 2307.60.

### A. Circumstances Surrounding the Statutory Enactment

{¶ 21} Contrary to old English common law, under Ohio common law a criminal action did not merge with a civil action. *See Story v. Hammond*, 4 Ohio 376, 378 (1831), and *Howk v. Minnick*, 19 Ohio St. 462, 465 (1869). The General Assembly codified this common-law principle in 1877 in the "General Provisions" section of the penal code. *See* Part Fourth, Title I, Chapter 1, Section 10, 74 Ohio Laws 240, 243. That statute eventually became R.C. 1.16 in 1953. It provided:

> *Any one* injured in person or property by a criminal act *may recover* full damages *in a civil action*, unless specifically excepted by law. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a *civil action* brought for such purpose.

(Emphasis added.) Former R.C. 1.16, 1953 Am.H.B. No. 1, 125 Ohio Laws 7.

{¶ 22} The Sixth District Court of Appeals was the first Ohio court to conclude in a reported opinion that R.C. 1.16 did not create a civil cause of action, but was rather a codification of Ohio common law that a civil action does not merge with a criminal prosecution. *Schmidt v. State Aerial Farm Statistics, Inc.*, 62 Ohio App.2d 48, 49, 403 N.E.2d 1026 (6th Dist.1978); *see also Peterson v. Scott Constr. Co.*, 5 Ohio App.3d 203, 204, 451 N.E.2d 1236 (6th Dist.1982).

### B. *Former Statutory Provisions*

#### 1. *R.C. 2307.60*

{¶ 23} Years after *Schmidt* and *Peterson* were decided, the General Assembly amended R.C. 1.16 through changes that became effective in 1985. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, 3783, 3787. In addition to renumbering the statute from R.C. 1.16 to become R.C. 2307.60, the General Assembly also amended the language of the statute. As amended in Am.Sub.H.B. No. 426, former R.C. 2307.60 provided:

> ANYONE injured in person or property by a criminal act HAS, AND may recover full damages in, a civil action, unless specifically excepted by law, AND MAY RECOVER THE COSTS OF MAINTAINING THE CIVIL ACTION, EXEMPLARY DAMAGES, AND ATTORNEY'S FEES IF SPECIFICALLY AUTHORIZED BY ANY OTHER SECTION OF THE REVISED CODE OR IF AUTHORIZED UNDER THE COMMON LAW OF THIS STATE. No record of a conviction, unless obtained by confession in open court, *shall be used as evidence in a civil action brought PURSUANT TO THIS SECTION*.

(Capitalization to indicate revised wording sic; emphasis added.) 140 Ohio Laws, Part II, at 3787.

{¶ 24} After R.C. 2307.60 became effective in 1985 through 2005, the legislature amended the statute six times. *See* Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1673; Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3942; Sub.H.B. No. 547, 147 Ohio Laws, Part II, 4392, 4392-4393; Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 429; Sub.S.B. No. 107, 149 Ohio Laws, Part I, 1529, 1529-1530 (designating the preexisting provisions of the statute as R.C. 2307.60(A)

and adding additional provisions as R.C. 2307.60(B)(1), (2), and (3)); and Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7951-7952. During that time the legislature did not disturb the last sentence of former R.C. 2307.60 even though the Ohio General Assembly specifically attempted to enact significant tort-reform measures in 1996 in Am.Sub.H.B. No. 350, *see* 146 Ohio Laws, Part II, at 3942, and then repealed those measures in 2001 in Sub.S.B. No. 108, *see* 149 Ohio Laws, Part I, at 429; *see also* Section 1, 149 Ohio Laws, Part I, at 384.

{¶ 25} Effective in 2007, the General Assembly amended R.C. 2307.60(A). Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, 2274, 2276. Through this amendment, the legislature designated former R.C. 2307.60(A) as (A)(1) and enacted new provisions that it designated as R.C. 2307.60(A)(2). *Id*.

{¶ 26} With the adoption of the new language in R.C. 2307.60(A)(2), the General Assembly deleted the last sentence of the previous version of R.C. 2307.60(A), which limited the use of a conviction as evidence in a civil action brought pursuant to R.C. 2307.60. *Id.* The newly enacted provisions in R.C. 2307.60(A)(2) broadened the use of a criminal conviction in a civil action to establish a presumption of an offender's liability for the injuries in person or property caused by a criminal act. They also established circumstances under which an offender could challenge that presumption of liability. *Id*.

### 2. R.C. 2307.61

{¶ 27} As set forth above, a court's paramount concern when interpreting a statute is legislative intent. *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, 786 N.E.2d 39, ¶ 12. "In reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body." *Wilson*, 77 Ohio St.3d at 336, 673 N.E.2d 1347. "A court must examine a statute in its entirety rather than focus on an isolated phrase to determine legislative

intent." *Massillon City School Dist. Bd. of Edn. v. Massillon*, 104 Ohio St.3d 518, 2004-Ohio-6775, 820 N.E.2d 874, ¶ 37. *See also* R.C. 1.42.

{¶ 28} With this guidance in mind, therefore, other amendments to R.C. Chapter 2307 made at the same times as the enactment of R.C. 2307.60 in 1985 and the subsequent amendments of R.C. 2307.60 become important in determining the intention of the legislature. When it enacted R.C. 2307.60 in Am.Sub.H.B. No. 426, the General Assembly also enacted R.C. 2307.61. 140 Ohio Laws, Part II, at 3787-3791. In R.C. 2307.61, the General Assembly established special recovery provisions for the willful destruction of property or for the commission of a theft offense. As originally enacted, R.C. 2307.61(A) provided:

> If a property owner brings a civil action pursuant to section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover [damages and obtain certain other relief as specified].

140 Ohio Laws, Part II, at 3787.

{¶ 29} Since 1985, the legislature has amended R.C. 2307.61 six times. *See* Sub.S.B. No. 105, 144 Ohio Laws, Part I, 537, 549-553; Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, at 3942-3948; Sub.H.B No. 294, 148 Ohio Laws, Part II, 3292, 3297-3301; Sub.S.B. No. 108, 149 Ohio Laws, Part I, at 429-436; Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1530-1534; and 2008 Sub.H.B. No. 545. Two of the six occasions occurred when tort-reform legislation was enacted in Am.Sub.H.B. No. 350, *see* 146 Ohio Laws, Part II, at 3942-3948, and then repealed in Sub.S.B. No. 108, *see* 149 Ohio Laws, Part I, at 429-436. Although the General Assembly has amended the wording of the first sentence of R.C. 2307.61(A) to be

slightly different from when it was first enacted, the current version of that sentence continues to be substantively the same: "If a property owner brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code * * *."

## C. Legislative History

**{¶ 30}** "Although this court is not bound by" the analyses prepared by the Ohio Legislative Service Commission, "we may refer to them when we find them helpful and objective." *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 191, 404 N.E.2d 159 (1980). When statutes are ambiguous they " 'are to be read in light of attendant circumstances and conditions, and are to be construed as they were intended to be understood, when they were passed.' " *Id.*, quoting *Miller v. Fairley*, 141 Ohio St. 327, 48 N.E.2d 217 (1943), paragraph two of the syllabus.

**{¶ 31}** The Legislative Service Commission prepared a bill analysis of Am.H.B. No. 426, as passed by the House of Representatives on February 21, 1984. That bill analysis described the state of the law as it existed prior to the proposed legislation, in a section labeled "Existing Law":

> Under existing section 1.16 of the Revised Code, anyone who sustains personal injuries or property loss or damage as a result of a criminal act can recover full damages in a civil action unless specifically excepted by law. As judicially construed, section 1.16 does <u>not create</u> statutory civil actions for injury, loss, or damage caused by criminal conduct, but instead codifies Ohio common law that a civil action arising from conduct that is both criminal and tortious (civilly wrong) is not merged in a criminal action and, thus, a victim having a common law or statutory civil action is free to sue an offender for damages even if criminal proceedings have not been completed.

(Underlining sic.) Ohio Legislative Service Commission, Bill Analysis of Am.H.B. No. 426, as passed by the House of Representatives on February 21, 1984, at 1.

{¶ 32} A comment accompanying this text stated: "Ohio courts have indicated that section 1.16 does not create statutory civil actions for injury, loss, or damage caused by criminal conduct. It codifies Ohio common law that a civil action is not barred just because it arises from the same act or acts as a criminal action." *Id*. at 2. The comment then cited *Story*, 4 Ohio 376; *Howk*, 19 Ohio St. 462; *Schmidt*, 62 Ohio App.2d 48, 403 N.E.2d 1026; and *Peterson*, 5 Ohio App.3d 203, 451 N.E.2d 1236.

{¶ 33} The next section of the bill analysis then delineated the changes proposed by the bill. In general, the bill proposed to recodify R.C. 1.16 (as what eventually was enacted as R.C. 2307.60), and the bill proposed to "statutorily create civil actions for personal injuries or property loss or damage resulting from a criminal act." (Underlining sic.) A comment in a previous bill analysis prepared by the Legislative Service Commission stated that in creating these civil actions, "the bill would reverse contrary aspects of the court decisions mentioned" previously. Ohio Legislative Service Commission Bill Analysis of H.B. No. 426 as introduced in the House of Representatives on June 14, 1983, at 2.

{¶ 34} Moreover, the bill analysis of the legislation as passed by the House stated that the bill also proposed to grant victims of property damage or theft a right to recover specific types of damages and other relief, including compensatory damages, exemplary damages, reasonable attorney fees, and costs of maintaining the action.

{¶ 35} Although H.B. No. 426 was revised several times until it was passed in late 1984 and was sent to the governor as Am.Sub.H.B. No. 426 for his signature, there were no substantive changes to the wording of this part of the legislation as introduced, and that wording was ultimately enacted as R.C. 2307.60 when the governor signed the bill in early 1985. And, later bill analyses prepared by the

14

Legislative Service Commission as the bill was amended continued to state that the bill proposed to change the law in essentially the same way that the changes were explained in the bill analysis that was prepared for the legislation as passed by the House.

{¶ 36} As mentioned previously, R.C. 2307.60 remained largely unchanged from 1985 until 2007. In amending the statute in Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, at 2276, which became effective in 2007, the General Assembly deleted the last sentence of former R.C. 2307.60(A) and added R.C. 2307.60(A)(2). The Legislative Service Commission's final analysis of Am.Sub.S.B. No. 117 stated:

> Continuing law provides that anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law * * *. Prior law prohibited the use of a record of a conviction, unless obtained by confession in open court, as evidence in a civil action brought pursuant to the provision described above. (R.C. 2307.60(A)(1).)
>
> The act removes this prohibition and provides that a final judgment of a trial court that has not been reversed on appeal or otherwise set aside * * * when entered as evidence in any subsequent civil proceeding * * * precludes the offender from denying * * * any fact essential to sustaining that judgment, unless the offender can demonstrate * * * extraordinary circumstances [or unless an appeal from the judgment is pending]. (R.C. 2307.60(A)(2).)

Ohio Legislative Service Commission, Final Analysis of Am.Sub.S.B. No. 117, at 3 (Dec. 14, 2006). The wording of R.C. 2307.60(A)(1) and (2) was not changed by

2008 Am.Sub.S.B. No. 184, so the language of those provisions as amended by Am.Sub.S.B. No. 117 remains in force today.

### D. Consequences of a Particular Construction

#### 1. Construction should not create a disparity in the treatment of victims of crime

{¶ 37} Appellants—Ellen C. Kaforey, Akron Children's Hospital, and Cleveland Clinic Children's Hospital for Rehabilitation—all argue in their respective briefs that R.C. 2307.60 does not independently authorize a civil action for damages caused by criminal acts. But construing R.C. 2307.60(A)(1) in the manner urged by appellants leads to an egregious result because it does not permit all crime victims who have been "injured in person or property" to have the same statutory right to "recover full damages." Construing the statute in that manner means that the General Assembly intended for the victims of only certain crimes— such as theft, property damage, theft of cable services, and identity theft—to have a right of recovery that is set forth in a specific statute other than R.C. 2307.60. *See, e.g.*, R.C. 2307.61, 2307.62, and 2913.49. Following that logic, the General Assembly also did not intend for all victims of crime to enjoy the presumption of liability established in R.C. 2307.60(A)(2).

{¶ 38} Construing R.C. 2307.60 in this manner means that the victim of a theft offense enjoys a statutory right of full recovery and under certain conditions a presumption of liability against the criminal perpetrator, but a rape victim must bring a common-law-tort cause of action and thereafter re-prove during the civil trial the existence of the assault and battery and that the rapist was responsible for the assault and battery.

{¶ 39} Conversely, construing R.C. 2307.60 as creating an independent civil cause of action for all victims who have been "injured in person or property" by a criminal act to be able to achieve "full recovery" and to be afforded a right to rely on the presumption of liability in accord with the provisions of R.C. 2307.60(A)(2) puts all victims of crime on an equal footing.

### 2. *Construction should not render other provisions superfluous*

**{¶ 40}** Moreover, construing R.C. 2307.60 as appellants urge—as a statute that authorizes only limited recovery—also renders meaningless or superfluous other provisions of the Revised Code, which is an outcome that we should avoid under the rules of statutory construction. *See Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 23.

**{¶ 41}** When a statute is ambiguous and relates to the same subject matter as another statute, we construe them in pari materia "to discover and carry out legislative intent." *Sheet Metal Workers' Internatl. Assn., Local Union No. 33 v. Gene's Refrig., Heating & Air Conditioning, Inc.*, 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, ¶ 38, citing *State ex rel. Ellis Super Valu, Inc. v. Indus. Comm.*, 115 Ohio St.3d 224, 2007-Ohio-4920, 874 N.E.2d 780, ¶ 13. This is true even if the related statutes were passed at different times. *State ex. rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph two of the syllabus.

**{¶ 42}** As set forth above, at the same time the General Assembly amended and renumbered former R.C. 1.16 to become R.C. 2307.60 effective in 1985, it also enacted a new provision, R.C. 2307.61. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, at 3787-3791. The first sentence of R.C. 2307.61(A) remains essentially the same today as when it was first enacted and continues to provide, "If a property owner brings a civil action pursuant to * * * section 2307.60 of the Revised Code * * *."

**{¶ 43}** In 1986, the General Assembly codified the Dram Shop Act in R.C. 4399.18, which provided that "[n]otwithstanding section 2307.60 [of the Revised Code] and except as otherwise provided in this section * * *, no person * * * who suffers personal injury, death, or property damage as a result of the actions of an intoxicated person has a cause of action against any liquor permit holder * * * unless" certain conditions are met. Am.Sub.H.B. No. 759, 141 Ohio Laws, Part III, 5711.

**{¶ 44}** Since its original enactment, the General Assembly has amended R.C. 4399.18 on four occasions. Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, at 4009-4010; Sub.S.B. No. 108, 149 Ohio Laws, Part I, at 488-489; Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1536-1537; Am.Sub.H.B. No. 306, 150 Ohio Laws, Part III, 3578, 3642-3643. The General Assembly has never amended R.C. 4399.18 to delete the phrase "[n]otwithstanding * * * section 2307.60" of the Revised Code.

**{¶ 45}** "Notwithstanding" is defined as "in spite of." *Webster's Third New International Dictionary* 1545 (1993). Therefore, within the statutory context of R.C. 4399.18, the term "notwithstanding" means that "in spite of" the right to relief provided for in R.C. 2307.60 to recover damages for personal injury or property damage, R.C. 4399.18 places a limitation upon that right of recovery when damages are sought against a liquor-permit holder for the actions of an intoxicated person. *See Brown v. Hyatt-Allen Am. Legion Post No. 538*, 6th Dist. Lucas No. L-89-336, 1990 WL 174317 (Nov. 9, 1990); *Aubin v. Metzger*, 3d Dist. Allen No. 1-03-08, 2003-Ohio-5130, ¶ 14; *Gough v. The Galley*, 11th Dist. Ashtabula No. 2005-A-0066, 2006-Ohio-3228, ¶ 23.

**{¶ 46}** In 1995, the General Assembly enacted R.C. 2307.62. Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7236-7238. R.C. 2307.62(B)(1) provides:

> An owner or operator of a cable service * * * who is aggrieved by conduct that is prohibited by division (B) of section 2913.04 or division (A) or (B) of section 2913.041 of the Revised Code *may elect to commence a civil action for damages in accordance with division (A) of section 2307.60* or section 2307.601 of the Revised Code or to commence a civil action under this section in the appropriate * * * court * * *.

(Emphasis added.)

**{¶ 47}** After its original enactment, the General Assembly amended R.C. 2307.62 on two occasions. Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1534-1536; Am.Sub.H.B. No. 327, 149 Ohio Laws, Part IV, 7536, 7539-7546. The General Assembly has never amended R.C. 2307.62 to delete the provision giving an aggrieved party the option to bring a civil action pursuant to R.C. 2307.60.

**{¶ 48}** In 1999, the General Assembly enacted R.C. 2913.49, thereby making it a crime in Ohio to take the identity of another. Am.S.B. No. 7, 148 Ohio Laws, Part IV, 8193, 8193-8195. Since the original enactment, the General Assembly has amended R.C. 2913.49 on four occasions. Sub.H.B No. 309, 149 Ohio Laws, Part IV, 8131, 8133-8135; Sub.H.B. No. 48, 151 Ohio Laws, Part II, 2851, 2852-2855; 2011 Am.Sub.H.B. No. 86; and 2014 Am.Sub.H.B. No. 488.

**{¶ 49}** In 2014, the General Assembly added division (J) to R.C. 2913.49. 2014 Am.Sub.H.B. No. 488. R.C. 2913.49(J) provides:

> In addition to the [criminal] penalties described in division (I) of this section, anyone injured in person or property by a violation of [specified provisions of this statute] who is the owner of the identifying information involved in that violation *has a civil action against the offender pursuant to section R.C. 2307.60 of the Revised Code*.

(Emphasis added.)

**{¶ 50}** Finally, in conjunction with the amendment of R.C. 2913.49 in 2014, the General Assembly enacted R.C. 2307.611. 2014 Am.Sub.H.B. No. 488. R.C. 2307.611 specifically refers to the crime of identity theft in R.C. 2913.49 and provides that "*[a] person who brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages * * * may recover up to*

five thousand dollars for each violation or three times the amount of actual damages, whichever is greater, and reasonable attorney's fees." (Emphasis added.)

**{¶ 51}** We presume that the legislature "knows the existing condition of the law, whether common law * * * or statute law." *Wachendorf v. Shaver*, 149 Ohio St. 231, 248, 78 N.E.2d 370 (1948), citing *State ex rel. Morris v. Sullivan*, 81 Ohio St. 79, 90 N.E. 146 (1909); *Norris v. State*, 25 Ohio St. 217 (1874); *Johnson v. Johnson*, 31 Ohio St. 131 (1876); and *S. Sur. Co. v. Std. Slag Co.*, 117 Ohio St. 512, 159 N.E. 559 (1927). So when the General Assembly amended R.C. 2307.60 in Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, at 2276, effective in 2007, and it deleted the last sentence of former R.C. 2307.60(A), one might conclude that it was the intention of the legislature to diminish the force of R.C. 2307.60 as the source of an independent cause of action. However, that conclusion is definitively rebutted when R.C. 2307.60(A)(1) is read in conjunction with R.C. 4399.18 and 2307.62. The legislature has never amended the relevant parts of those provisions, so the cause-of-action language in those statutes remains. Moreover, when R.C. 2913.49 was amended in 2011 and 2014 and when R.C. 2307.611 was enacted in conjunction with the amendment of R.C. 2913.49 in 2014, the legislature chose to use that same cause-of-action language. If it was the intention of the General Assembly to limit the force of R.C. 2307.60 as the source of an independent cause of action, then the legislature would have amended or would not have enacted these provisions of the Revised Code.

**{¶ 52}** Obviously, the General Assembly inserted the language that a person "has a civil action against the offender pursuant to" R.C. 2307.60 in R.C. 2913.49(J) and regarding "[a] person who brings a civil action pursuant to" R.C. 2307.60(A) "to recover damages" in R.C. 2307.611 " 'to accomplish some definite purpose.' " *Wilson*, 77 Ohio St.3d at 336, 673 N.E.2d 1347, quoting *State ex rel. Cleveland Elec. Illum. Co.*, 169 Ohio St. at 479, 159 N.E.2d 756. Our "ultimate inquiry in the interpretation of statutes is to ascertain the legislative intent." *Caldwell*, 115 Ohio

St. at 466, 154 N.E. 792. In so doing, we presume that the General Assembly does not " 'do a vain or useless thing.' " *Wilson* at 336, quoting *State ex rel. Cleveland Elec. Illum. Co.* at 479. Based on the circumstances surrounding the original amendments that became effective in 1985, the former statutory provisions, and the compelling legislative history, it becomes clear that when the General Assembly recodified former R.C. 1.16 as R.C. 2307.60, it intended to create an independent civil cause of action for any crime victim injured in person or property. Furthermore, the fact that the General Assembly has never changed the key language of R.C. 2307.60 at issue in this case and the consequences of interpreting R.C. 2307.60 as not creating an independent civil cause of action demonstrate that the original intention expressed by the General Assembly in the legislation that became effective in 1985 continues today.

## II. Appellants' Reliance on Court Decisions is Misplaced

{¶ 53} Appellants principally rely on six court decisions from 1995 and after to support the position that R.C. 2307.60 does not create an independent civil cause of action. However, appellants' reliance on these cases is misplaced.

{¶ 54} First, none of these decisions engaged in a meaningful analysis of R.C. 2307.60. Second, five of the six decisions relied on precedent that predates the amendments to R.C. 2307.60 that became effective in 1985—precedent that the General Assembly consciously repudiated when enacting the modern version of R.C. 2307.60 in that legislation. Third, the sixth decision stated a conclusion of law without citing any supporting authority.

{¶ 55} As set forth above, the General Assembly did not merely renumber R.C. 1.16 in the legislation that became effective in 1985 as R.C. 2307.60. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, at 3787. The General Assembly also significantly modified the language of the statute.

{¶ 56} As established in the previous discussion in this opinion of the legislative history, the reason for the amended language was that the General

Assembly intended to create an independent civil cause of action for any person injured in person or property as the result of a crime. The legislative history also reveals that the legislature was consciously repudiating the established precedent of *Story*, 4 Ohio 376; *Howk*, 19 Ohio St. 462; *Schmidt*, 62 Ohio App.2d 48, 403 N.E.2d 1026; and *Peterson*, 5 Ohio App.3d 203, 451 N.E.2d 1236, to the extent that the common law and the previous versions of the statute had been judicially interpreted to not have that effect.

{¶ 57} The significance of the historical metamorphosis of R.C. 2307.60 cannot be overlooked. Had the court decisions that appellants rely on analyzed the language of the statue and traced the historical progression, as suggested by the rules of statutory construction, they would have recognized the intention of the General Assembly to change the previous law and to repudiate the precedents on which those decisions based their conclusions. Instead the courts in the cases cited by appellants either relied on case law that the legislature had abrogated, as indicted by the legislative history of R.C. 2307.60, or cited no authority at all.

{¶ 58} In *Applegate v. Weadock*, the court cited *Schmidt* for the proposition that R.C. 2307.60 is merely a codification of the common law that a civil action does not merge with a criminal action. *Applegate*, 3rd Dist. Auglaize No. 2-95-24, 1995 WL 705214, *3 (Nov. 30, 1995).

{¶ 59} The Tenth District in *Edwards v. Madison Twp.* cited *Schmidt* for the same proposition as the *Applegate* court and then cited *Story* and *Peterson* as supporting authority. *Edwards*, 10th Dist. Franklin No. 97APE06-819, 1997 WL 746415, *7 (Nov. 25, 1997).

{¶ 60} *McNichols v. Rennicker* cited *Peterson*, *Edwards*, and *Applegate* for the proposition that R.C. 2307.60 does not create an independent cause of action and cited Schmidt for the proposition that R.C. 2307.60 is only a codification of the common law that a civil action does not merge with a criminal action. *McNichols*, 5th Dist. Tuscarawas No. 2002 AP 04 0026, 2002-Ohio-7215, ¶ 17.

**{¶ 61}** In *Collins v. Natl. City Bank*, the court, without citing any authority, held that the trial court did not err in dismissing Collins's claim for damages pursuant to R.C. 2307.60 because "R.C. 2307.60 creates no actionable prohibition, being only a jurisdictional statute * * *." 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 46.

**{¶ 62}** The federal district court in *Jasar Recycling, Inc. v. Major Max Mgt. Corp.* cited *Peterson* for the proposition that R.C. 2307.60 merely codifies the common law that civil and criminal actions do not merge and that a separate cause of action is not created. *Jasar Recycling*, N.D.Ohio No. 4:08CV2830, 2010 WL 395212, *7 (Jan. 22, 2010). As supporting authority in addition to Peterson, the court cited *Peters v. Mabini*, 8th Dist. Cuyahoga No. 73373, 1998 WL 474175, *2 (Aug. 13, 1998). *Id.* The court in *Peters* stated in a footnote that some courts have found that R.C. 2307.60 does not create a cause of action, citing *Peterson*, *Schmidt*, and *Edwards*. In further support of its conclusion, the court in *Jasar Recycling* cited two federal cases, *Replogle v. Montgomery Cty.*, S.D.Ohio No. 3:09-CV-102, 2009 WL 1406686 (May 19, 2009), and *Prior v. Mukasey*, N.D.Ohio No. 3:08CV994, 2008 WL 5076821, *3 (Nov. 21, 2008). The court in *Prior*, however, relied on *Peterson*, and the court in *Replogle* relied on *Edwards*, while also including a quotation from *Edwards* that cited *Schmidt*, *Story*, and *Peterson*.

**{¶ 63}** In *Groves v. Groves*, the Tenth District Court of Appeals cited as supporting authority *McNichols*, *Edwards*, *Applegate*, and *Guardianship of Newcomb v. Bowling Green*, 36 Ohio App.3d 235, 241, 523 N.E.2d 354 (6th Dist.1987), for the proposition that R.C. 2307.60 merely codifies the common law rule that a civil action and a criminal act do not merge and that R.C. 2307.60 does not create a cause of action. *Groves*, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, ¶ 25. The court in *Newcomb*, however, relied on *Peterson* as its controlling authority. *See Newcomb* at 241.

**{¶ 64}** Appellants fail to explain how these court decisions have any precedential value when it is clear that the General Assembly specifically repudiated the holdings in the cases that the decisions relied on when it enacted the modern version of R.C. 2307.60 that became effective in 1985.

**{¶ 65}** Moreover, appellants do not address the failure of the courts in *Edwards* and *Groves* to address or distinguish the reasoning of the Tenth District that was stated in *Tomas v. Nationwide Mut. Ins. Co.*, 79 Ohio App.3d 624, 607 N.E.2d 944 (10th Dist.1992). In *Tomas*, the appellate court affirmed the dismissal of the plaintiff's claim of intentional spoliation of evidence on the ground that the plaintiff's evidence supporting the spoliation allegation was "too tender a reed upon which to base a claim for relief." *Id*. at 633. In affirming the dismissal of the claim, the court stated:

> Arguably, [the tampering-with-evidence statute, R.C. 2921.12], coupled with R.C. 2307.60, does create a civil action for intentional spoliation of evidence. Moreover, R.C. 2307.61 seems more specifically to create such an action for willful damage of another's property, for which recovery may be had "in addition to the value of the property, any other loss sustained as a result of the willful damage."

*Id*. at 632, quoting former R.C. 2307.61(A)(1), 140 Ohio Laws, Part II, at 3787.

### III. The General Assembly's Public-Policy Decision to Authorize Specific Recovery in Some Related Provisions of the Revised Code Does Not Diminish the Clause in R.C. 2307.60(A)(1) Authorizing an Independent Civil Cause of Action

**{¶ 66}** In support of their position, appellants discuss several statutes in which the General Assembly has authorized civil causes of action for the violation

of specific criminal statutes. For example, appellant Cleveland Clinic Children's Hospital for Rehabilitation states in its merit brief:

> The legislature has clearly set forth civil causes of action for certain crimes as noted herein. If R.C. §2307.60 were interpreted to provide for civil causes of action for violation of all criminal statutes, [other] statutes * * * would be rendered meaningless, and in contradiction of long standing Ohio Law.

Appellants' assertion that one enactment by the General Assembly precludes the effectiveness of another enactment in this way is without any basis in law.

**{¶ 67}** "[O]ur role, as members of the judiciary, requires fidelity to the separation-of-powers doctrine." *State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 28 (O'Conner, C.J., concurring). Therefore, "we must respect that the people of Ohio conferred the authority to legislate solely on the General Assembly." *Id.*, citing *Sandusky City Bank v. Wilbor*, 7 Ohio St. 481, 487-488 (1857), and Article II, Section 1, Ohio Constitution.

**{¶ 68}** As this court stated in *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35:

> It is not the role of the courts "to establish legislative policies or to second-guess the General Assembly's policy choices. '[T]he General Assembly is responsible for weighing [policy] concerns and making policy decisions * * *.' " *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212, quoting *Arbino* [*v. Johnson & Johnson*], 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 113.

{¶ 69} In the version of R.C. 2307.60 that became effective in 1985, the General Assembly made a conscious policy decision to enact legislation that would contravene the decisions in *Story*, 4 Ohio 376; *Howk*, 19 Ohio St. 462; *Schmidt*, 62 Ohio App.2d 48, 403 N.E.2d 1026; and *Peterson*, 5 Ohio App.3d 203, 451 N.E.2d 1236. Simultaneously, the General Assembly also made the policy decision to recodify R.C. 1.16 as R.C. 2307.60 and to "statutorily create civil actions *for personal injuries or property loss or damage resulting from a criminal act*." (Underling sic; emphasis added.) Ohio Legislative Service Commission, Bill Analysis of Am.H.B. No. 426, as passed by the House of Representatives on February 21, 1984, at 1.

{¶ 70} While authorizing a new source of independent civil causes of action in R.C. 2307.60, the legislature also enacted R.C. 2307.61. Am.Sub.H.B. No. 426, 140 Ohio Laws, Part II, at 3787-3791. As set forth above, current R.C. 2307.61(A) continues to provide that "[i]f a property owner brings a civil action pursuant to" R.C. 2307.60 for the willful damage of property or for theft, the property owner can recover damages as specified. Other provisions in R.C. 2307.61 set forth in great detail how damages and other forms of relief can be pursued.

{¶ 71} Similarly, in R.C. 2307.62 and 2307.611 the General Assembly has enacted provisions that permit an additional amount of recovery. Under R.C. 2307.62(B)(1)(b), if an aggrieved owner or operator of a cable service brings a civil action for damages pursuant to R.C. 2307.60, the owner or operator is entitled to recover the profits made by the person who committed the violation. Under R.C. 2307.611, if a person "brings a civil action pursuant to" R.C. 2307.60, the victim of identity theft may recover "up to five thousand dollars for each violation or three times the amount of actual damages, whichever is greater, and reasonable attorney's fees."

{¶ 72} The General Assembly's policy decisions to enact specific provisions that afford the victims of certain crimes a different or greater recovery

than the victims of other crimes is clearly within the policymaking province of the General Assembly. *See Stetter*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, at ¶ 35. And we have no authority to second-guess those decisions. *Id.* The statutory disparities in the recovery available to some crime victims do not diminish the force of the General Assembly's clearly stated intention that R.C. 2307.60 creates an independent civil cause of action for anyone who is the victim of a criminal act, unless that cause of action is "specifically excepted by law." R.C. 2307.60(A)(1).

### IV. Appellants' Discussion of the Wrongful-Death Statute is Flawed

**{¶ 73}** Lastly, appellants cite the reasoning stated in dissent in this case below, *Jacobson v. Kaforey*, 2015-Ohio-2624, 39 N.E.3d 799, ¶ 37 (9th Dist.) (Carr, P.J., concurring in part and dissenting in part), in support of their arguments that R.C. 2307.60 does not create an independent civil cause of action. For example, appellant Cleveland Clinic Children's Hospital for Rehabilitation states in its merit brief:

> The Ninth District's decision creates further uncertainty as it relates to finality of judgments/settlements, as set forth in the dissenting opinion * * *. Specifically, the dissent noted that the majority position conflicted with prior Ohio law as it relates to the cause of action for wrongful death.

However, this contention is without any basis in the law.

**{¶ 74}** An action for wrongful death did not exist at common law. *Sabol v. Pekoc*, 148 Ohio St. 545, 549, 76 N.E.2d 84 (1947). If a personal-injury plaintiff died before the trial, "the action abated." *Id.* The first Ohio act that permitted a personal representative to file a wrongful-death claim was enacted in 1851. *Id.*,

citing 49 Ohio Laws 117. Today, the statutory cause of action for wrongful death is set forth in R.C. Chapter 2125.

{¶ 75} R.C. 2125.02(A)(1) permits the recovery by a personal representative for the wrongful death of a decedent "[w]hen the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages" under R.C. 2125.01. The key to these provisions is that recovery inures to the "personal representative." R.C. 2125.02(A)(1).

{¶ 76} Conversely, the cause of action that arises pursuant to R.C. 2307.60 inures to the injured party. R.C. 2307.60(A)(1) provides that "*[a]nyone* injured in person or property by a criminal act" has a civil action, unless excepted by law. (Emphasis added.) The plain language of the statute demonstrates that it is only the injured person who has a cause of action pursuant to R.C. 2307.60. As this court has said, the wrongful-death statute "is the sole source of the right upon which the petition" for wrongful death is based. *Sabol* at 552. Therefore, recognizing a cause of action for living injured persons under R.C. 2307.60 does not displace the wrongful-death statute as the "sole source" of the right to sue for recovery for a death caused by a wrongful act.

### V. Conclusion

{¶ 77} The wording of R.C. 2307.60(A)(1) at issue in this case is ambiguous. After consideration of the factors set forth in R.C. 1.49, it is clear that R.C. 2307.60 does create an independent civil cause of action. Therefore, I would answer the certified question in the affirmative and affirm the judgment of the Ninth District Court of Appeals, albeit on different grounds from those of the majority.

JENSEN, J., concurs in the foregoing opinion.

————————————

**O'DONNELL, J., dissenting.**

{¶ 78} Respectfully, I dissent.

**{¶ 79}** R.C. 2307.60 does not create an independent cause of action for damages resulting from a criminal act but merely codifies Ohio common law to the effect that a criminal prosecution does not extinguish a civil cause of action, and therefore only actions that existed at common law or that have been authorized by statute can be commenced to seek damages caused by a criminal act. Because there are no statutes establishing civil causes of action for violations of R.C. 2905.01, 2905.03, and 2905.05, I would answer the certified question in the negative and reverse the judgment of the Ninth District Court of Appeals.

**{¶ 80}** R.C. 2307.60(A)(1) states:

> *Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law*, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

(Emphasis added.)

**{¶ 81}** The role of a court of last resort is to resolve conflicts between and among appellate districts and to interpret law as written by the legislature, not to rewrite it or apply its own conceptions of what it would like the law to be. *See* Article IV, Section 3(B)(4), Ohio Constitution; *see also Cablevision of the Midwest, Inc. v. Gross*, 70 Ohio St.3d 541, 544, 639 N.E.2d 1154 (1994) ("A court's role is to interpret, not legislate").

**{¶ 82}** In construing a statute, a court must ascertain and give effect to the intent of the legislature. *Dircksen v. Greene Cty. Bd. of Revision*, 109 Ohio St.3d

470, 2006-Ohio-2990, 849 N.E.2d 20, ¶ 16. "In determining legislative intent, the court first looks to the language of the statute." *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001). If its meaning is unambiguous and definite, it is to be applied as written. *Id.* When a statute is reasonably susceptible of more than one meaning, however, it is ambiguous and requires judicial interpretation. *Id.*

{¶ 83} In this case, the parties have presented opposing interpretations of the following phrase in R.C. 2307.60(A)(1): "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law." Additionally, the conflict among the appellate courts regarding the meaning of this phrase further suggests that the language is ambiguous. *See, e.g., Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). In accordance with R.C. 1.49, the court may consider, among other factors, the common law or former statutory provisions, legislative history, and the consequences of a particular construction.

## Legislative History

{¶ 84} The legislative history and derivation of R.C. 2307.60 are instructive. At common law in Ohio, a civil action did not merge into a criminal prosecution. *Story v. Hammond*, 4 Ohio 376, 378 (1831).

{¶ 85} The legislature codified the common law in 1877 within the "General Provisions" section of the penal statutes when it enacted Part Fourth, Title I, Chapter 1, Section 10, which stated, "Nothing in Part Fourth [the penal statutes] contained shall be construed to prevent a party injured in person or property, by any criminal act, from recovering full damages." 74 Ohio Laws 240, 243. Later, this same language was stated in R.S. 6803 in 1880 when the Revised Statutes were compiled, and substantially similar language was stated in G.C. 12379 in 1910 when the General Code was compiled to replace the Revised Statutes, *see* 1910 S.B. No. 2. G.C. 12379 stated: "Nothing contained in the penal laws shall prevent

any one injured in person or property, by a criminal act from recovering full damages, unless specifically excepted by law."

{¶ 86} In 1953, when the Ohio Revised Code replaced the General Code, *see* Am.H.B. No. 1, 125 Ohio Laws 7, this provision became R.C. 1.16 and was reworded to state, "Any one injured in person or property by a criminal act may recover full damages in a civil action, unless specifically excepted by law." This version of the statute was intended to be substantively the same as G.C. 12379. *See* former R.C. 1.24, 1953 Am.H.B. No. 1, stating that the provisions of the newly adopted Revised Code that corresponded to statutes previously contained in the General Code were to be construed as "restatements" and continuations of the prior law and not as "new enactments." Therefore, all changes to the language of the statute that became R.C. 1.16 in 1953 were technical adjustments only and did not reflect any intention of the General Assembly to change the meaning of G.C. 12379. *See Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 22, 242 N.E.2d 342 (1968) ("Both the General Assembly and the Bureau of Code Revision were adamant * * * that there be no new substantive law permitted in the Revised Code *at its adoption*" in 1953 [emphasis sic]).

{¶ 87} In *Schmidt v. State Aerial Farm Statistics, Inc.*, 62 Ohio App.2d 48, 403 N.E.2d 1026 (6th Dist.1978), the appellate court dealt with a similar question involving the interpretation of former R.C. 1.16. The court affirmed the trial court's dismissal of the complaint, which had been filed under former R.C. 1.16, and held that former R.C. 1.16 was "only a codification of the common law in Ohio that a civil action is not merged in a criminal prosecution which arose from the same act or acts." *Id.* at 49. *See also Peterson v. Scott Constr. Co.*, 5 Ohio App.3d 203, 204, 451 N.E.2d 1236 (6th Dist.1982).

{¶ 88} In 1985, the General Assembly renumbered R.C. 1.16 as R.C. 2307.60 and amended the statute to read, "Anyone injured in person or property by a criminal act *has*, and may recover full damages in, a civil action * * *." (Emphasis

added.) Am.Sub.H.B. No. 426, 140 Ohio Laws, Part IV, 3783, 3787. This provision later became part of R.C. 2307.60(A)(1) through subsequent amendments of other parts of R.C. 2307.60. *See* Sub.S.B. No. 107, 149 Ohio Laws, Part I, 1529; Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, 2274, 2276.

{¶ 89} Several courts in Ohio have interpreted this statute to continue to be a codification of Ohio's common law rule that a civil action is not merged into a criminal prosecution arising from the same act or acts. *Applegate v. Weadock*, 3d Dist. Auglaize No. 2-95-24, 1995 WL 705214, *3 (Nov. 30, 1995); *Edwards v. Madison Twp.*, 10th Dist. Franklin No. 97APE06-819, 1997 WL 746415, *7 (Nov. 25, 1997) ("R.C. 2307.60 (formerly R.C. 1.16) is merely a codification of the common law that a civil action is not merged in a criminal prosecution"); *McNichols v. Rennicker*, 5th Dist. Tuscarawas No. 2002 AP 04 0026, 2002-Ohio-7215, ¶ 17, quoting *Schmidt* at 49 (R.C. 2307.60 " 'is only a codification of the common law in Ohio that a civil action is not merged in a criminal prosecution which arose from the same act or acts' "); *Groves v. Groves*, 10th Dist. Franklin No. 09AP-1107, 2010-Ohio-4515, ¶ 25 ("R.C. 2307.60 is only a codification of the Ohio common law rule that a civil action is not merged in a criminal prosecution for the same acts that form the basis for the civil action"); *Jasar Recycling, Inc. v. Major Max Mgt. Corp.*, N.D.Ohio No. 4:08CV2830, 2010 WL 395212, *7 (Jan. 22, 2010) ("Ohio Revised Code § 2307.60, formerly Ohio Revised Code § 1.16, does not create a separate civil cause of action and merely codifies the common law that a civil action does not merge into a criminal prosecution"). Similarly, the Second District Court of Appeals has held that R.C. 2307.60 is only a jurisdictional statute allowing courts to grant relief to persons injured by criminal acts. *Collins v. Natl. City Bank*, 2d Dist. Montgomery No. 19884, 2003-Ohio-6893, ¶ 46.

{¶ 90} It is presumed that the legislature is aware of prior judicial interpretations of a statute when enacting an amendment. *Riffle v. Physicians &*

*Surgeons Ambulance Serv., Inc.*, 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 19.

{¶ 91} The legislature has amended R.C. 2307.60 eight times since 1985, but never expressed its intent that the statute creates a separate cause of action for a violation of a criminal statute. *See* Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1673; Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3942; Sub.H.B. No. 547, 147 Ohio Laws, Part II, 4392, 4392-4393; Sub.S.B. No. 108, 149 Ohio Laws, Part I, 382, 429; Sub.S.B. No. 107, 149 Ohio Laws, Part I, at 1529-1530; Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V, 7915, 7951-7952; Am.Sub.S.B. No. 117, 151 Ohio Laws, Part II, at 2276; 2008 Sub.S.B. No. 184.

**Statutory Interpretation**

{¶ 92} Statutes relating to the same general subject matter are to be read in pari materia in order to determine legislative intent. *Sheet Metal Workers' Internatl. Assn., Local Union No. 33 v. Gene's Refrig., Heating & Air Conditioning, Inc.*, 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, ¶ 38. "And, in reading such statutes *in pari materia*, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes." *Johnson's Mkts., Inc. v. New Carlisle Dept. of Health*, 58 Ohio St.3d 28, 35, 567 N.E.2d 1018 (1991).

{¶ 93} Consistent with the view that R.C. 2307.60 does not create a separate, independent civil cause of action for violation of a criminal statute, the General Assembly has enacted several statutes in Chapter 2307 of the Revised Code creating civil causes of action for violations of *specific criminal statutes*. *See, e.g.,* R.C. 2307.44 ("Any person who is subjected to hazing, as defined in division (A) of section 2903.31 of the Revised Code, may commence a civil action for injury or damages, including mental and physical pain and suffering, that result from the hazing"); 2307.50(B) ("if a minor is the victim of a child stealing crime and if, as a result of that crime, the minor's parents, parent who is the residential parent and

legal custodian, parent who is not the residential parent and legal custodian, guardian, or other custodian is deprived of a parental or guardianship interest in the minor, the parents, parent who is the residential parent and legal custodian, parent who is not the residential parent and legal custodian, guardian, or other custodian may maintain a civil action against the offender to recover damages for interference with the parental or guardianship interest"); 2307.51(A) ("A victim of a violation of section 2905.32 [trafficking in persons] of the Revised Code has and may commence a civil cause of action for compensatory and punitive damages against the trafficker for harm that resulted from the violation of section 2905.32 of the Revised Code"); 2307.52(B) ("A woman upon whom an abortion is purposely performed or induced or attempted to be performed or induced in violation of division (A) of section 2919.17 of the Revised Code has and may commence a civil action for compensatory damages, punitive or exemplary damages * * * against the person who purposely performed or induced or attempted to perform or induce the abortion"); 2307.53(B) ("A woman upon whom a partial birth procedure is performed in violation of division (B) or (C) of section 2919.151 of the Revised Code, the father of the child if the child was not conceived by rape, or the parent of the woman if the woman is not eighteen years of age or older at the time of the violation has and may commence a civil action for compensatory damages, punitive or exemplary damages * * * against the person who committed the violation"); 2307.61(A) ("If a property owner brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who willfully damages the owner's property or who commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property, the property owner may recover as follows"); 2307.611 ("A person who brings a civil action pursuant to division (A) of section 2307.60 of the Revised Code to recover damages from any person who caused injury to person or property by a violation of division (B), (D), or (E) of section 2913.49 [identity fraud] of the Revised Code

may recover damages"); 2307.62(B)(1) ("An owner or operator of a cable service, cable system, cable television system, or other similar closed circuit coaxial cable communications system who is aggrieved by conduct that is prohibited by division (B) of section 2913.04 [unauthorized use of computer, cable, or telecommunication property] or division (A) or (B) of section 2913.041 [possession or sale of unauthorized cable television device] of the Revised Code may elect to commence a civil action for damages in accordance with division (A) of section 2307.60 or section 2307.61 of the Revised Code or to commence a civil action under this section"); 2307.65(A) ("The attorney general may bring a civil action * * * on behalf of the department of medicaid, and the prosecuting attorney of the county in which a violation of division (B) of section 2913.401 [Medicaid eligibility fraud] of the Revised Code occurs may bring a civil action * * * on behalf of the county department of job and family services, against a person who violates division (B) of section 2913.401 of the Revised Code for the recovery of the amount of benefits paid"); 2307.70(A) ("Any person who suffers injury or loss to person or property as a result of an act committed in violation of section 2909.05 [vandalism], 2927.11 [desecration], or 2927.12 [ethnic intimidation] of the Revised Code has a civil action against the offender and may recover in that action full compensatory damages").

{¶ 94} In *Celebrezze v. Hughes*, 18 Ohio St.3d 71, 479 N.E.2d 886 (1985), this court recognized the longstanding rule that " ' "the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute, it is inserted to accomplish some definite purpose." ' " *Id.* at 74, quoting *Brown v. Martinelli*, 66 Ohio St.2d 45, 50, 419 N.E.2d 1081 (1981), quoting *State ex rel. Cleveland Elec. Illum. Co. v. Euclid*, 169 Ohio St. 476, 479, 159 N.E.2d 756 (1959).

{¶ 95} Accordingly, if the position asserted by the majority were correct, i.e., that R.C. 2307.60 creates an independent civil cause of action for damages

resulting from a criminal act, then there would be no need for the General Assembly to have specifically statutorily authorized any of the listed causes of action to recover damages resulting from those criminal acts. The fact that it did so, suggests that the position being asserted by the majority is not well taken.

{¶ 96} Similarly, common law civil causes of action already exist for false imprisonment, assault, and battery, *see Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71, 362 N.E.2d 646 (1977); *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406, 614 N.E.2d 1148 (10th Dist.1993); *Love v. Port Clinton*, 37 Ohio St.3d 98, 99, 524 N.E.2d 166 (1988), and therefore it is not necessary for the General Assembly to create civil actions for violating unlawful restraint, assault, and battery statutes.

{¶ 97} Further, as pointed out by the dissenting jurist in the appellate court, the Ninth District's interpretation of R.C. 2307.60 also conflicts with the process established by the legislature for wrongful death claims. *Jacobson v. Kaforey*, 2015-Ohio-2624, 39 N.E.3d 799, ¶ 37 (9th Dist.) (Carr, P.J., concurring in part and dissenting in part). R.C. 2125.02 provides that "a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent." To interpret R.C. 2307.60 as independently authorizing a separate cause of action for damages caused by criminal acts would allow a decedent's beneficiaries to each file a cause of action against a wrongdoer independently from the statutorily authorized wrongful death claim. This too is wholly inconsistent with legislative intent.

{¶ 98} Because the General Assembly has created separate statutory causes of action to seek damages caused by specific criminal acts, those persons seeking recovery are limited to filing actions pursuant to common law or the specific causes of action created by the legislature.

**Conflict Cases**

{¶ 99} The way the majority answers the certified question is in conflict with decisions from the Third, Fifth, and Tenth District Courts of Appeals, which have correctly concluded that R.C. 2307.60 does not create a separate cause of action and that a separate cause of action must be available to bring a civil claim based upon a criminal act. *Applegate*, 1995 WL 705214, at *3 ("R.C. 2307.60 does not create a separate cause of action. A separate cause of action must be available before this section is invoked"); *Edwards*, 1997 WL 746415, at *7 ("R.C. 2307.60 does not create a separate cause of action. * * * Hence, a separate cause of action must be available before this section is invoked"); *McNichols*, 2002-Ohio-7215, at ¶ 17 ("Revised Code 2307.60 does not create a cause of action. * * * [A] separate civil cause of action must be available to bring a civil claim based upon a criminal act"); *Groves*, 2010-Ohio-4515, at ¶ 25 ("R.C. 2307.60 does not create a cause of action. * * * A party must rely on a separate civil cause of action, existent either in the common law or through statute, to bring a civil claim based on a criminal act").

**Conclusion**

{¶ 100} In this case, the court of appeals improperly reversed the trial court's judgment that had granted motions to dismiss filed by Ellen C. Kaforey, Akron Children's Hospital, and Cleveland Clinic Children's Hospital for Rehabilitation because R.C. 2307.60 does not independently authorize a civil cause of action and there are no statutes establishing civil causes of action for violations of R.C. 2905.01, 2905.03, and 2905.05.

{¶ 101} For these reasons, I would answer the certified question in the negative, reverse the judgment of the Ninth District Court of Appeals, follow the analysis of the Third, Fifth, and Tenth District Courts of Appeals, and reinstate the judgment of the trial court.

_____

The Chandra Law Firm, L.L.C., Subodh Chandra, Donald Screen, Ashlie Case Sletvold, and Saudhya Gupta, for appellee.

Janik, L.L.P., Steven G. Janik, and Audrey K. Bentz, for appellant Ellen Kaforey.

Hanna, Campbell & Powell, L.L.P., Gregory T. Rossi, Douglas G. Leak, and Carol N. Tran, for appellant Akron Children's Hospital.

Bonezzi, Switzer, Polito & Hupp Co., L.P.A., Bret C. Perry, and Brian F. Lange, for appellant Cleveland Clinic Children's Hospital for Rehabilitation.

————————————